HONEY, Appellant, *vs.* HONEY'S HEIRS, Respondents.

1. An application for a review and new trial under the new code, must be made at the term at which the trial took place.
2. Surprise at the trial is no ground of relief in a court of equity upon a bill for a new trial.

*Appeal from Jefferson Circuit Court.*

This was a petition for the specific execution of a contract to convey land. John W. Honey, in his life-time, sold to E. T. Honey, the appellant, his interest in the real estate of their father (being one-fifth) in part payment of a debt. E. T. Honey entered into possession of the land after the purchase. Before a deed was executed, John W. Honey died, and this proceeding is against his heirs.

At the trial before the court, a witness for the defendants testified that E. T. Honey went into possession of the land as tenant of his father's administrator. The plaintiff claimed that he took possession of two-fifths in his own right, and of three-fifths as tenant, but having no witness present to prove the fact, the court dismissed his bill. On the same day, the plaintiff filed his motion for a new trial, on the ground of surprise, which was overruled, and the court immediately adjourned for the term. At the next term, he filed his motion for leave to file a petition for a review, which was accompanied by an affidavit to prove that he was in possession of one-fifth of the land as purchaser, and not as tenant. This motion was overruled, and the plaintiff appealed.

*M. Frissell,* for appellant. The plaintiff showed enough to take the case out of the statute of frauds. He proved payment of the consideration and this is found by the court. He offered to prove possession under the purchase in the only way he could, under the circumstances. Payment of the consideration takes a case out of the statute. Roberts on Frauds, p. 153. So also, taking possession under a parol purchase, with

other acts which cannot be recalled, so as to place the party in his original situation. 3 Barb. Ch. Rep. 407. The plaintiff had a right to file his petition for a review, under the 4th section of article 30 of the new practice. The new practice act makes no provision in the nature of a bill of review, according to the old practice in chancery.

*Whittelsey, Beal* and *Pipkin*, for respondents. 1. The plaintiff has not properly saved his case, no application for a review having been made until the succeeding term. A *bill* of review is a new suit, alleging some error at the hearing, or something occurring after the trial, and notice is given to the parties. 2. The plaintiff did not show enough to take the case out of the statute of frauds. He must have shown not only payment of the purchase money and taking possession, but also the making of improvements. It is the equitable estoppel that avails the purchaser. 1 S. & Lefroy, 40. 1 White & Tudor's Lead. Cases, (Am. ed.) 507 and notes, 568. *Phillips* v. *Thompson*, 1 J. C. R. 131, 149. 15 Mo. Rep. 365.

SCOTT, Judge, delivered the opinion of the court.

1. The new practice act does not take away any of the remedies afforded by the old system for the redress of wrongs. It merely changes the mode by which the remedy is to be pursued. Under the former system of practice, courts of equity would interfere by injunction after a judgment at law, upon an application for a new trial on suitable grounds. As a motion for a new trial could only be made during the term at which the trial was had, if this proceeding be regarded in the light of such a motion, it clearly can not be sustained, as the motion was not made until a term succeeding that at which the trial took place.

2. Without a total disregard of all form in judicial proceedings, this motion cannot be regarded as an application for a new trial, addressed to a court of equity under the old system of practice. But even if it could be viewed in such a light, as

the motion only seeks a new trial, that evidence may be heard on that which has been already tried, a court of equity would not grant relief under such circumstances. *Smith & Mead v. Lowry*, 1 John. Ch. R. 320. Judge Ryland concurring, the judgment will be affirmed.