WAGNER, Respondent, v. JACOBY, Appellant.

1. In matters of science and skill the opinions of experts only can be received in evidence.
2. Since the enactment of the practice act of 1849, the supreme court will reverse for error committed during the progress of a trial and duly excepted to, although the same may not have been brought to the attention of the court by a motion for a new trial.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action for work and labor and materials furnished. It was originally commenced before a justice of the peace. At the trial the defendant offered in evidence a receipt purporting to be a receipt in full. The plaintiff objected to the reading of the receipt until certain alleged alterations and erasures were explained. The court desired for its own information evidence to be given in reference to the alleged alterations. Certain witnesses were sworn and did testify in the presence of the jury in reference to said matters, to the effect that the receipt appeared on its face to have been altered, the words " in full" being inserted in ink different from that of the rest of the receipt. This testimony was received against the objection of defendant.

*S. H. Gardner*, for appellant.

I. The court erred in receiving the testimony of Woerner and Urban in regard to the receipt. They were not experts. (Swan v. O'Fallon, 7 Mo. 231.)

*C. C. Simmons*, for respondent.

I. The testimony of Woerner and Urban was for the court and not for the jury. No exception was taken on the motion for a new trial.

RICHARDSON, Judge, delivered the opinion of the court.

It was competent for the plaintiff to prove that the receipt offered in evidence by the defendant had been altered, or the jury could have found the fact if the suspicious circumstances on the face of the paper warranted that conclusion; but it was improper to permit the witnesses who had no previous knowledge of the receipt to give their opinions on the subject. They did not profess to have any superior skill in such matters, and the jury was as competent as they were to draw proper conclusions from the appearance of the instrument. (Swan v. O'Fallon et al., 7 Mo. 331.)

The defendant duly excepted at the time the evidence was admitted, but did not assign the error in his motion for a new trial, and the plaintiff has insisted that such omission precludes the defendant from relying on the exception in this court. Under the former system of practice it was decided that exceptions taken during the progress of a trial were regarded as waived unless they were made the ground for a motion for a new trial; (Hoersh v. Bank of Missouri, 10 Mo. 516;) but it was held in Fine v. Rogers, 15 Mo. 315, that the practice introduced by the act of 1849 required a different rule; and since then the old rule has been abandoned and the practice established that this court will reverse for errors committed during the progress of a trial, if exceptions are taken and saved, although they may not be brought to the attention of the court in a motion for a new trial.

The other judges concurring, the judgment is reversed and the cause remanded.