PRINCE, Respondent, v. COLE, Appellant.

1. Since the enactment of the practice act of 1849, the supreme court will re-
verse for error committed during the progress of a trial and duly excepted
to, although the same may not have been brought to the attention of the
court by a motion for a new trial.

*Appeal from St. Louis Court of Common Pleas.*

This was an action to recover six hundred and eight dol-
lars for the board, lodging, washing and clothing of a certain
slave boy, named Richard, belonging to the estate of Presley
N. Ross. The defendant Cole was one of the administrators
of said Ross. Said Richard was a son of the plaintiff. Ross
died in 1845. Plaintiff also belonged to the estate of Ross.
He and his wife were sold at an administrator's sale in 1849
to one Baker, who immediately emancipated the plaintiff.
Immediately after this administrator's sale, Cole, the admin-
istrator, took away two of the children of plaintiff, but left
the boy Richard with him. There was evidence tending to
show that Cole told plaintiff to take the boy Richard and
take care of him. One Yosti was introduced as a witness
on behalf of the defendant, who testified that he became
entitled to Richard in 1854 in right of his wife, who was a
daughter of Ross; that he talked with plaintiff frequently
about the boy Richard; that plaintiff requested him to leave
Richard with him as long as he could possibly do without
him; that he did do so to his own inconvenience; that plain-
tiff applied to witness to purchase Harry, an older brother
of Richard; that he sold Harry to plaintiff at less than his

value, because he was his father and because he said he had raised Richard at his own cost and expense; that plaintiff paid nine hundred dollars for Harry. Harry was sold to plaintiff before Richard was taken home by Yosti. The court refused to permit the witness to state what the value of Harry was at the time of his sale.

The jury found for plaintiff.

*Bland & Coleman*, for appellant.

I. The court erred in refusing to allow Yosti to state the value of the boy Harry. The court also erred in refusing the instructions asked by defendant. The instructions given were erroneous.

*H. N. Hart*, for respondent.

I. The instructions given presented the law of the case fairly and fully before the jury.

RICHARDSON, Judge, delivered the opinion of the court.

The evidence of Mr. Yosti tended to show, first, that the plaintiff had no just claim whatever on the administrator for taking care of his own child, and that he was not entitled and never expected to receive remuneration from any person; and, in the second place, that if he was entitled to any thing, he did not look to the defendant, as he was compensated by the owner of the slave, to whom he directly appealed, in the reduced price at which he was allowed to purchase Harry. In this view it was proper, not only to ascertain the price at which Harry was sold, but to inquire what he was worth. We think, then, that the court improperly refused to permit the witness to state the value of Harry at the time he was sold to the plaintiff.

It appears that the defendant excepted at the time to the ruling of the court in excluding this evidence, but did not assign it as a reason in his motion for a new trial. Formerly, exceptions taken during the progress of a trial were deemed to be waived if they were not noticed in a motion for a new

trial, but it has since been decided that the act of 1849 introduced a different practice, and that such an omission will not preclude a party from insisting on his exceptions in this court. (Fine v. Rogers, 15 Mo. 315; Wagner v. Jacoby, 26 Mo. 530.)

The instructions which the court gave before the retirement of the jury stated the facts hypothetically in two different ways, covering the theory of each of the parties, and presented fairly and fully the law of the case. But the instruction, marked C, hurriedly given on the return of the jury, was erroneous, as it was vague and calculated to mislead. The other judges concurring, the judgment will be reversed and the cause remanded.