EDWARD GRAY, Respondent, *v.* ANDREW J. HESLEP, Appellant.

*Conveyance—Bankruptcy.*—The deed of an assignee, conveying the lands of the bankrupt, must recite the decree in bankruptcy and the order appointing the assignee. The right of the assignee to convey depended upon the act of Congress, and he must convey in the manner prescribed by the act, or the conveyance will be void.

*New Trial.*—The party, by failing to file his motion for a new trial, does not waive the exceptions taken and preserved at the trial.

## Appeal from St. Louis Land Court.

Gray brought ejectment at the October term, 1858, of the St. Louis Land Court, against Heslep for an undivided fourth of a parcel of land in the city of St. Louis, eighty feet eight inches on Clay street and extending to the river, and bounded north by Montgomery street. Afterwards (May, 1859) plaintiff filed his amended petition, in which he declared for one undivided fourth of "lot 15 of North St. Louis, as laid out by Wright, Chambers and Christy, being 80 feet 8 inches front on Front street, running back eastwardly of the same width to the Mississippi river; and bounded north by Montgomery street, east by said river, west by Front street, and south by a line parallel with Montgomery street, and distant from it 80 feet and 8 inches."

It appeared that Jos. Heslep (the ancestor of appellant) acquired said lot No. 15, and dying, the same vested by inheritance in his children, of whom was Clinton, a son, and entitled to one-fourth; that said Clinton became a bankrupt in the State of Tennessee, and his estate vested in Wm. T. Haskell, the general assignee appointed by the District Court. The record showed a judgment declaring Heslep a bankrupt, and ordering his estate to be taken in charge by W. T. Haskell, the general assignee theretofore appointed by the order of the court.

The deed of the assignee to H. W. McCorry was as follows:

"This indenture, made this 30th day of January, 1846, between William T. Haskell, of Madison county, Tennessee, general assignee in bankruptcy for the district of West

Tennessee, of the one part, and Henry W. McCorry, of the other part, witnesseth, that whereas, in a certain cause heretofore prosecuted in the District Court of the United States for the district of West Tennessee, entitled Clinton Heslep against his creditors in bankruptcy, such proceedings were had, that on the 10th day of October, 1842, it was ordered, adjudged and decreed by said court as follows, to wit: District Court of the United States for the district of West Tennessee, ss. Clinton Heslep, of Perry county, Tennessee, having, on the 18th day of May, 1842, filed his petition, duly verified, praying to be declared a bankrupt, and it appearing that due publication has been made of notice to all persons interested to appear in court this day and show cause against such petition, and the court being now moved to grant the prayer of said petition, and no cause being shown to the contrary, and the petition and proofs having been seen and considered by the court, and being found in conformity with the requirements of the act of Congress, it is therefore ordered and decreed by the court that the said Clinton Heslep be and is hereby declared and decreed a bankrupt, pursuant to said act of Congress, entitled 'An act to establish a uniform system of bankruptcy throughout the United States,' passed August 19, 1841; by virtue of which decree, and as part of the estate of the said Clinton Heslep, the title to the following described real estate, situate and lying in the county of St. Louis, State of Missouri, became vested in the said W. T. Haskell, as assignee in bankruptcy aforesaid, to wit: all the right, title and interest of Clinton Heslep in and to lot No. 15, in North St. Louis, lying at the corner of Montgomery street and an eighty-feet oblique street; for a more particular description see deed to Joseph Heslep from Wm. Christy and Martha his wife, Wm. Chambers, by Thos. H. Benton his attorney, and Thos. Wright, recorded in the recorder's office of St. Louis county, Mo., in book G, p. 416. And whereas, afterwards, to wit, on the 30th day of January, 1844, upon the petition of the said Wm. T. Haskell, assignee as aforesaid, it was ordered and decreed by the said court

that he proceed, after having given forty days' notice of the time and place, to expose to sale, to the highest bidder for cash, the tract of land aforesaid, at Jackson, Tennessee, in the county of Madison. And whereas, afterwards, to wit, on the 16th day of March, 1844, the said Wm. T. Haskell, assignee as aforesaid, in pursuance of the authority so vested in him, and after having advertised the time and place as required by the said order of said court, did expose to sale to the highest bidder for cash all the right, title and interest of the said Clinton Heslep in and to the said tract or parcel of land, at Jackson, Tennessee, in the county of Madison aforesaid, when and where the same was fairly struck off to Henry W. McCorry at and for the sum of fifty-four dollars, he being the highest and best bidder therefor at that price. Now, therefore, this indenture witnesseth, that the said Wm. T. Haskell, assignee in bankruptcy as aforesaid, for and in consideration of the premises and of the said sum of fifty-four dollars, to him in hand paid by the said Henry W. McCorry, the receipt whereof is hereby acknowledged, has given, granted, bargained and sold, and doth by these presents give, grant, bargain and sell, alien, convey and confirm unto the said Henry W. McCorry the tract or parcel of land hereinbefore mentioned and described. To have and to hold the same," &c.

McCorry brought suit in partition to the October term, 1855, against appellant and his sister, Caroline S. Stone. Upon the 11th April, 1857, this suit was dismissed, upon motion of defendants, and judgment rendered against the plaintiff, McCorry, for costs. Upon this judgment an execution issued, dated March 16, 1858, and the interest of McCorry in the land sued for was levied upon and sold by the sheriff, and a deed made to the plaintiff.

The deed recited, " whereas, on April 11, 1858, a judgment in favor of Andrew J. Heslep, and against Henry W. McCorry, was recovered for $44," &c. The judgment was entered April 11, 1857, in favor of A. J. Heslep and Caroline S. Stone, for costs.

The defendant was in possession, excluding Gray as co-tenant, and claiming title absolutely.

The defendant asked, among other instructions refused, the following:

2. The deed of Haskell to McCorry and the record of the proceedings in bankruptcy do not show that said Haskell was appointed assignee in bankruptcy, and there being no evidence of any such appointment, plaintiff cannot recover in this action.

3. The sheriff's deed read in evidence by plaintiff to himself is inoperative to convey any title to the plaintiff.

Verdict and judgment for the plaintiff. No motion for new trial was filed. Defendant appealed.

*L. G. Picot, C. Gibson,* and *R. M. Field,* for appellant.

I. The sheriff's deed should have been excluded for its irregularities. (Tanner v. Stine, 18 Mo. 580.)

II. The deed of the assignee in bankruptcy did not convey the title. (5 U. S. Stat. 448, § 15, Act Aug. 19, 1841.) It does not contain a copy of the order appointing the assignee. He acted under a power and had no estate. (1 Pres. on Abstracts, 175, 289 ; Clark v. Courtenay, 5 Pet. 319 ; Denning v. Smith, 3 John. 344 ; Geter v. Commissioners, 1 Bay, 354.)

The officer acting under a power conferred by statute, must follow the statute. (Parrington v. Loring, 7 Mass. 388 ; Wilson v. Loring, 7 Mass. 392 ; Davis v. Maynard, 9 Mass. 242 ; Wellington v. Gale, 13 Mass. 483 ; Williams v. Avery, 14 Mass. 20 ; Tanner v. Stine, 18 Mo. 580.)

Osborn v. Baxter, 4 Cushing, 406 : "A sale of a bankrupt's real estate under an order of the Court of the United States, in which no time or place is fixed by the court, is irregular and void."

The bankrupt act enacts that all sales, &c., "shall be made at such times and in such manner as shall be ordered and appointed by the court." (5 U. S. Stat. 447, § 9.)

The order of the court in Tennessee is simply "that the assignee proceed to sell the property aforesaid upon giving

legal notice of the time and place of sale." (Warren, v. Hemstead, 33 Maine, 256 ; Cleaveland v. Boerum, 27 Barb. S. C. 252.)

*A. Todd*, for respondent.

I. The record does not show any motion for a new trial. For this reason this court will not examine into alleged errors of the court below. (Benoist v. Powell, 7 Mo. 224 ; Higgins v. Breen, 9 Mo. 497 ; Watson v. Pierce, 11 Mo. 358 ; Rhodes v. White, 11 Mo. 623, with reasons.)

A motion is no part of the record. (U. S. v. Gamble, 10 Mo. 457 ; Christy v. Myers, 21 Mo. 112 ; Loudon v. King, 22 Mo. 336.)

II. The variances in the sheriff's deed are merely clerical, and are corrected in the execution and advertisement referred to by the deed and made parts of it. (Jackson v. Streeter, 5 Cow. 529 ; Jackson v. Witherell, 8 Cow. 182 ; 8 Ohio, 128 ; 10 Ohio, 433 ; 1 Ired. 538 ; 4 Black. 263.)

As to judgment and executions for costs, see § 1, p. 440, § 6, p. 442, § 18, p. 444, § 21, p. 445, § 32, p. 448, of vol. 1 R. C. 1855 ; 2 Mo. 149 ; Evans v. Hays, under § 1, p. 225, R. C. 1825.)

III. The deed of Haskell to McCorry does recite a copy of the decree in bankruptcy, and does recite the fact of his being assignee. The bankrupt act does not require a recital of a copy of his appointment as assignee.

As well might it be said that a bankrupt could not prove his discharge by the record, because § 4, p. 444, of vol. 5 U. S. Stat. provides that the certificate thereof shall be proof.

Clinton Haskell's right to this property was absolutely vested in Haskell, and with equal power in him to sell. See sec. 3 of bankrupt act, p. 453. An ordinary conveyance would be effectual for conveying the title; and to make it valid against all comers, and all technical objections, it would be sufficient to show "*aliunde*" the facts directed to be recited in the deed.

His acknowledgment of the deed was by the officer and in

the manner provided for by our laws. The officer was a clerk of a court of record, and his certificate had its seal. (R. C. 1845, p. 221, § 17; p. 222, § 19 & 20.)

He certifies to his personal knowledge of the grantor. This is a substantial compliance. (Alexander v. Morris, 9 Mo. pp. 525 to 527; Thomas v. Meier, 18 Mo. 578.)

BATES, Judge, delivered the opinion of the court.

The first point made is that the appellant has, by failing to file a motion for a new trial, waived all exceptions taken at the trial.

This was the practice prior to the passage of the act of 1849, but that act introduced a different practice. (Fine v. Rogers, 15 Mo. 315; Wagner v. Jacoby, 26 Mo. 530; Prince v. Cole, 28 Mo. 486.) The act of 1855 does not change that of 1849 in any particular which would authorize us to return to the old practice.

The action was ejectment, in which the plaintiff got judgment.

The plaintiff claimed under one Clinton Heslep, and to show his title gave in evidence a deed from the assignee in bankruptcy of Clinton Heslep to one McCorry. The defendant objected to the deed, which purported to have been made by William T. Haskell, "general assignee in bankruptcy for the district of West Tennessee." It contained no recital of the appointment of Haskell as assignee, either by a copy of the appointment or by a direct averment that he had been appointed. No other evidence was given of the appointment of Haskell as such assignee. The 15th section of the bankrupt law, (5 Statutes at Large, 448,) provides " that a copy of any decree of bankruptcy and the appointment of assignees, as directed by the third section of this act, shall be recited in every deed of lands belonging to the bankrupt sold by and conveyed by any assignees under and by virtue of this act."

This deed, not containing such recital, and there being no other evidence of the appointment, is invalid. (Warren v. Hemstead, 33 Maine, 256.) The assignee's right to convey

depended entirely upon the act of Congress which gave him the power, and he was bound to convey in the manner prescribed by the act, or else his conveyance was a nullity. There are other objections to the deed which appear to have been well taken, but they are not considered, because this is fatal.

The deed should have been rejected.

The rejection of that deed breaks the plaintiff's claim of title, and shows him without any right of recovery. The sheriff's deed is also fatally defective. Other questions made in the case are therefore not considered.

Judgment reversed; the other judges concur.*