RICHMOND'S ADM'X, Respondent, *v.* WARDLAW & POGUE, Appellants.

*Practice—New Trial.*—If the party against whom a verdict is found and judgment given fail to file his motion for a new trial within the four days prescribed by the statute (R. C. 1855, p. 1286, § 6), but subsequently files his motion, which is overruled, no writ of error will lie from the judgment overruling the motion.

*Appeal from Hannibal Court of Common Pleas.*

*W. P. Harrison & E. B. Ewing* for respondent.

*S. S. Allen* and *Crane,* for appellants.

WAGNER, Judge, delivered the opinion of the court.

The record in this case shows that the judgment was rendered in the Court of Common Pleas on the 9th day of December, 1863, and the motion for a new trial was not filed till the 16th day of the same month. The statute (R. C. p. 1286, § 6) provides that "all motions for new trials, and in arrest of judgment, shall be made within four days after the trial, if the term so long continue; and if not, then before the end of the term."

In Williams v. Circuit Court (5 Mo. 524), the Supreme Court says: "The sum of the whole matter under our laws, then, seems to be this; a party sleeps on his rights until the time allowed him by law to make his motion for a new trial expires; he can no longer claim to make his motion *as a matter of right,* but he may afterwards suggest to the court that substantial justice has not been done him, and the court may look into the matter or not. If they refuse to grant the party a new trial, no error will lie, because no law authorized him to make the motion after the four days expired; and this is a proper punishment for neglecting to assert his rights in due time." (5 Mo. 328; 8 *id.* 686.)

The appellants having no authority for making the motion at the time, cannot be heard in alleging anything against the decision of the court in overruling it.

The other judges concurring, the judgment is affirmed.

*Crane*, for plaintiff in error, filed a motion for re-hearing; which was overruled.

### Motion for re-hearing by Appellants.

The appellants now move the court to grant a re-hearing in this case, and for that purpose submit the following:

The court in deciding the case have confounded the practice of 1849 with the old system, which is now not in use. To the case of Williams v. The Circuit Court (5 Mo. 254) belongs the credit of suggesting the practice that under the old system gradually grew up, by which motions for new trials were made essential to preserve for review the errors of the court below. But that case was, after all, the expression of one judge only; and has not been treated as of much weight beyond the parties themselves. The case was decided in 1838; and afterwards in 1841, in Benoist v. Powell (7 Mo. 224), the same doctrine was fully endorsed, and it was held that though the record shows that a new trial was asked and reasons therefor assigned, yet the appellant was not entitled to a review of the errors below, because the motion for a new trial was not preserved in the bill of exceptions. So again in 1845, in Higgins v. Brun, (9 Mo. 497,) the court said that the rule was reasonable and settled, and that when there is a judgment on a verdict, and no motion is made to set it aside and grant a new trial, this court will not disturb the judgment. (pp. 501, 502.) But this was the voice of two judges only, and Napton, J., dissented. Then in 1847 the case of Floersch v. The Bank (10 Mo. 516) came up, and decided that such errors only as were excepted to in the motion for a new trial would be reviewed by this court, and that errors not made the ground of objection in the motion for a new trial would not be reviewed. Here, also, Napton, J., dissented. In Watson v. Pierce, 11 Mo. 348, decided in 1848, the whole court seem to concur, that unless the bill of exceptions contains a motion for a new trial, this court will not disturb a judgment rendered upon a verdict. The same point was again decided in Rhodes v. White (11 Mo. 623), and the court say, "It has been repeatedly decided by this court that a motion for a new trial must be made, thereby affording the Circuit Court an opportunity, if an error has been committed by that court in the course of the trial, upon a more mature consideration, to correct the same by granting the party complaining a new trial."

This was the law of practice in the Supreme Court of Missouri until 1849, at which time it was overthrown, and a new and opposite rule has constantly prevailed until the decision of the case at bar has, if permitted to stand, effectually restored the old practice. And it may be safely asserted that the code of 1849, whose prevailing spirit has been said to decide all questions of law and fact without slavish adherence to forms, becomes ineffectual, if the errors which are made below, and preserved of record, cannot be reviewed without they are once more brought to the notice of this court; and not only brought to its notice, but brought by a motion for a new trial, and brought to its notice again for a new trial, filed *within four days after the trial of she case.* The statute itself, where it refers to motions for new trials, is mandatory on courts and directed against them, and not against parties. If the motion is made, the law says the court shall do so and so; but it does not say that unless the party makes such a motion, he shall be precluded from having the errors below (otherwise properly preserved) reviewed in the appellate court.

It is a mistaken view of the law to suppose that a motion for a new trial is necessary at all under the practice of 1849, (33 Mo. 238, 243,) or that a party who has made such a motion is concluded by its terms from afterwards objecting to the action of the court below, other and additional errors not mentioned in his motion for a new trial, but which are patent on the record. (15 Mo. 315, 320; 26 *id.* 530; 28 *id.* 486; 34 Mo. 343.)

The first case now at hand, and in which probably the new rule was begun, was Fine v. Rodgers (15 Mo. 315), which was decided in 1851. The decision there was, that the action of the court below, in giving or refusing instructions, will be examined by this court, although not made a ground of error on a motion for a new trial. The key to the whole matter is given by Gamble, J. In delivering the opinion, he says: "It may be assumed to be the pervading spirit of the code, to decide cases upon all questions of law and fact without any adherence to forms. The 6th section of the 19th article allows bills of exceptions to be taken to all opinions of the Circuit Courts, in the progress of trials, as heretofore. The exceptions thus taken are intended to bring these opinions and decisions before the court for revision, and we think it is most consistent with the design of the Legislature to give the parties the benefit of such review, without

requiring any motion for a new trial to be made." (p. 320.) All the other judges concurred; among whom was Scott, who had always concurred in the other rule under the old practice.

Afterwards, in 1858, in Wagner v. Jacoby (26 Mo. 530), which was when the appellant had objected to evidence on the trial, and exception taken and preserved in the bill of exceptions, but not made a point in the motion for a new trial, the court held that it was unnecessary. Judge Richardson, giving the opinion, said : " The defendant duly excepted at the time the evidence was admitted, but did not assign the error in his motion for a new trial, and the plaintiff has insisted that such omission precludes the defendant from relying on the exception in this court. Under the former system of practice, it was decided that exceptions taken during the progress of the trial were regarded as waived unless they were made the ground for a motion for a new trial (10 Mo. 515); but it was held in Fine v. Rodgers (15 Mo. 315), that the practice introduced by the act of 1849 required a different rule, and since then the old rule has been abandoned, and the practice established that the court will review for errors committed during the progress of a trial, if exceptions are taken and saved, although they may not have been brought to the attention of the court in a motion for a new trial." (p. 532.)

The same doctrine is announced in Prince v. Cole (28 Mo. 486). The doctrine thus begun and confirmed, has never met with a dissenting voice from the bench of this court. To the time we have now followed it, two full benches have concurred in it, consisting of five different judges; and it has since been decided in exact conformity thereto, by a new court, that a motion for a new trial is altogether unnecessary. This was the case of Gray v. Heslep (33 Mo. 238), decided in 1862, and, as the court will observe, was participated in by distinguished counsel, and the point brought directly before the court. In giving the opinion of the court, Bates, J., says : " The first point made is, that the appellant has, by failing to file a motion for a new trial, waived all objections taken at the trial. This was the practice before the passage of the act of 1849, but that act introduced a different practice. (15 Mo. 315 ; 26 Mo. 530 ; 28 Mo. 486.) The act of 1855 does not change that of 1849 in any particular which would authorize us to return to the old practice. (p. 243.)