State v. Marshall.

STATE OF MISSOURI, Respondent, *v.* RICHARD MARSHALL, Appellant.

1. *Jurors—Exceptions—Criminal Practice.*—Objections to the panel, or to jurors, must be preserved by exceptions.

   *Criminal Practice—Venire.*—It is not necessary that the order of the court, directing the sheriff to summon jurors, should be under the seal of the court.

   *Witness —Evidence.*—A witness may decline answering questions which tend to criminate himself.

4. *Criminal Practice—Statement—Evidence.*—The statement made by the prisoner before the committing magistrate is not admissible in evidence either for or against the prisoner.

5. *Practice—Motion for New Trial—Criminal Practice.*—Such errors as appear upon the face of the record, or such as may be taken advantage of by a motion in arrest or by a writ of error, will, in criminal cases, be noticed in the Supreme Court as a matter of course; but as to exceptions taken in the progress of the trial, and as to motions for a new trial and in arrest which become part of the record only by bill of exceptions, the same rule governs in criminal as in civil cases.

6. *Practice—New Trial.*—No exception can be taken in the Supreme Court, upon appeal or writ of error, to matters not appearing upon the face of the record, unless they are made part of the record by bill of exceptions and have been expressly decided by the court below, which must appear by the filing and overruling a motion for a new trial, and exceptions thereto preserved. It is not required by the statute (R. C. 1855, p. 1286, § 6) that the motion for a new trial should specify the reasons for which it is made, but that is the better practice. By the Practice Act of 1849 it was not necessary that the exceptions should be saved by a motion for a new trial. (Fine v. Rogers, 15 Mo. 315; Wagner v. Jacoby, 26 Mo. 530; Prince v. Cole, 28 Mo. 486; Gray v. Heslep, 33 Mo. 243, commented upon. See Richmond's Adm'x v. Wardlaw & Pogue, *ante*, p. 313.)

*Appeal from Washington Circuit Court.*

**Vastine,** for respondent.

The law does not require an order of the court on the sheriff to be sealed. (R. C. 1855, p. 910, § 2.)

Appellant waived all informalities, if any, in the empannelling of the jury, by going to trial without making exceptions thereto. (Samuels v. State, 3 Mo. 68.)

The State can prove declarations of defendant, but defendant cannot prove them, when objection is made.

*John T. Witham,* for appellant.

HOLMES, Judge, delivered the opinion of the court.

The defendant was indicted, tried and convicted of murder in the first degree, and sentenced to be hung, and an appeal was taken to this court.   There was no motion in arrest of judgment; no motion for a new trial appears in the bill of exceptions. Some exceptions were taken and objections were made, in the progress of the trial, without saving exceptions. Nevertheless, we have examined the whole record, in order to see if there were any error that would justify us in reversing the judgment.

It is objected that the jury was not summoned in accordance with the provisions of the statute.   There was no challenge to the array ; no exceptions are saved to the ruling of the court on any part of the proceedings relating to the selection and empannelling of the jury. The juror whose competency was objected to, was not called and sworn to sit on the panel.   It was not necessary that the order of the court, directing the sheriff to summon jurors, should be issued under the seal of the court.   All these points are decided in Samuels v. State (3 Mo. 68).   The judgment of the law is that the proceedings were correct, unless it be shown by the record that they are erroneous.   (Walter v. Cathcart, 18 Mo. 256.)

Questions were asked the witness David N. Baker, whether he had ever had a difficulty with his father, the deceased ; whether he had not, previously to his father's death, threatened to take his life ; whether he had not previously forbid his father and mother his house ; whether he and his father had not fought, at or near this same spot, at a previous time ; and whether, at or near the same spot, at a previous time, he had not drawn a knife on his father, and threatened to kill him. To the first question the witness objected to answer, and his objection was sustained; and the other questions, the circuit attorney interposing, were also ruled out.   These matters had no tendency to show any feelings of hostility on the part of the witness towards the prisoner, in which case they might have been admitted.   They related, in part, to another time

and a different transaction, and to collateral facts which were impossible of affording any reasonable presumption or inference as to the principal matter under investigation; and as such they were irrelevant. (1 Greenl. Ev. §§ 52, 450.) As tending to criminate himself, he was privileged to refuse to answer; and having declined to answer the first question of the series, it may fairly be taken that his refusal continued, though the circuit attorney interposed afterwards for his protection. (1 Greenl. Ev. § 451.)

The whole evidence was of such a character as satisfactorily to sustain the verdict of the jury, and we do not find any such error in these rulings as would justify a reversal of the judgment.

It is insisted that there was error in excluding from the jury by instructions the statement of the prisoner, which was taken down by the examining magistrate after it had been admitted at the instance of the defendant. This statement was not competent evidence either for the State or for the prisoner, and there was no error in excluding it from the jury. (Green v. State, 13 Mo. 394.) If it had been admitted for the State against the accused, and then excluded from the jury by instruction, there would have been some ground for the objection. (State v. Mix, 15 Mo. 153; State v. Wolf, 15 Mo. 168.)

The instructions were excepted to on the ground that they tended to mislead the jury, and for the reason that they told the jury to disregard the statement of the prisoner, made after the transaction. Such declarations could not be evidence in his own favor. There was nothing in the instructions which could have misled the jury in any way prejudicial to the rights of the prisoner. They placed the whole matter fairly enough before the jury.

It appears by the record, that a motion for a new trial was made and overruled; but the motion itself was not made a part of the bill of exceptions, nor does it appear in the record. We think proper, on this occasion, to state distinctly what we conceive to be the law on this subject, under existing

statutes, as applicable both to civil and criminal cases. The "Act concerning parties in criminal cases" declares that no assignment of errors, or joinder in error, shall be necessary, on an appeal or writ of error, in a criminal case; but that this court shall proceed upon the return thereof, without delay, to render judgment upon the record before them. (R. C. 1855, p. 1205, § 20.) It provides nothing directly in relation to a motion for a new trial, or in arrest of judgment. All such errors as appear upon the face of the record, or such as may be taken advantage of by a motion in arrest, or by a writ of error, will be noticed here as a matter of course; but as to exceptions taken in the progress of the trial, and as to motions for a new trial, and in arrest, which can become a part of the record only by bill of exceptions, the same rules are to govern as in civil cases. The act concerning criminal practice expressly declares, that the provisions of law in civil cases relative to the attendance and testimony of witnesses, their examination, the administration of oaths and affirmations, and proceedings as for contempt, to enforce the remedies and protect the rights of parties, shall extend to criminal cases as far as they are in their nature applicable thereto, subject to the provisions contained in any statute; (R. C. 1855, p. 1191–2, § 18;) and verdicts may be set aside, and new trials awarded, on the application of the defendant, and continuances may be granted to either party, in criminal cases, for like causes and under the like circumstances as in civil cases (§ 19). And no exceptions can be taken, on an appeal or writ of error to this court, to any proceedings had in the progress of the trial in the court below which are of such nature that they do not appear on the face of the record, nor become a part of the record without being made so by a bill of exceptions, unless they have been expressly decided by the court below (R. C. 1855, p. 1300, § 33); and in order that it may appear that such exceptions have been expressly decided by the court below, there should be a motion for a new trial, which should appear in the bill of exceptions, as overruled, and an exception should be taken to

the decision of the court thereon. And all motions for a new trial, or in arrest of judgment, must be made and filed within four days after the trial, if the term so long continue ; or if it does not, then before the term is ended. (R. C. 1855, p. 1286, § 6 ; Williams v. St. Louis Circ. Ct., 5 Mo. 248 ; Allen v. Brown, 5 Mo. 323 ; Field v. Cathcart, 8 Mo. 686 ; Harvey v. Henry, 18 Mo. 466 ; Richmond's Adm'x v. Wardlaw & Pogue, *ante*, p. 313.)

The Code of Practice of 1849 wholly omitted the first and second sections of Art. VII. of the previous act concerning practice at law, which required motions for a new trial and in arrest of judgment to be made within four days after the trial, and that they should be accompanied with a written specification of the reasons upon which they were founded, (R. C. 1845, pp. 829–30,) and it provided for a peculiar mode of trial and a special verdict, or a special finding of fact by the jury ; and the third section of Art. XI. provided that a new trial might be granted in certain cases enumerated therein, but made no provision for a motion for a new trial otherwise, though it would appear by the third section of Art. XXVI. that such motions were contemplated by the act. (Laws of 1849, pp. 87 & 100.)   The cases of Fine v. Rogers 15 Mo. 315), and Wagner v. Jacoby (26 Mo. 530), and Prince v. Cole (28 Mo. 486), and Gray v. Heslep (33 Mo. 243), were based expressly upon the acts of 1849, and upon the changes made since that time.

By the Practice Act of 1855 (R. C. 1855, p. 1286, Art. XIII., § 6) the first section of Art. VI. of the act of 1845 was restored, and the mode of trial was changed.   With this change in the statute provisions (which was not particularly noticed in the above cases) the case of Fine v. Rogers ceases to have any application or authority in respect of the necessity of a motion for a new trial and the time within which it must be filed.   But the second section of Art. VI. of the act of 1845, providing that " every such motion shall be accompanied with a written specification of the reasons upon which it is founded," was not re-enacted in the revision of 1855 ;

and by force of the twentieth section of the "Act concerning Revised Laws" (R. C. 1855, p. 1026) it would seem to have been repealed, even if it were not previously repealed by the act of 1849. The result is, that while such motions must now be made and filed as formerly, it is no longer absolutely required that they shall contain a special statement of the reasons on which they are founded; and this was all that was decided in Wagner v. Jacoby (26 Mo. 530), and in Prince v. Cole and Gray v. Heslep. The chief object of the motion would seem to be, that the attention of the court below may be expressly called to the exceptions that are taken, in a final review on a motion for a new trial, or in arrest. During the progress of the trial there is no time for much consideration of the points that arise; but the motion affords an opportunity for a more careful examination and a more mature deliberation. And it would seem to be highly proper that the reasons and grounds of the motion should be stated therein, at least in such general terms as would comprehend the exceptions which have been taken and noted on the trial. But the statute has not seen fit to require a written specification of the reasons.

It must be taken that the intention of the act was, that when a motion is made within the time required, it shall be presumed that all exceptions which have been duly taken, and noted in the bill of exceptions, are expressly decided by the court when the motion is overruled; but the exceptions must distinctly appear in the bill of exceptions, otherwise they will not be reviewed in this court. Nor will any exceptions be noticed here where no motion for a new trial has been made, or (what is the same thing) where none is made and filed within the time prescribed by law. It may be presumed that when the court below is thus formally called upon to decide expressly, and upon deliberation, on the points raised during the progress of the trial, errors may be corrected and new trials awarded, in many cases, without the delay and expense that must attend an appeal to this court.

The judgment is affirmed; and the Circuit Court of Wash-

ington county is ordered to proceed with the execution of the sentence according to law. Judge Wagner concurs; Judge Lovelace absent.