Moran v. January.

JOHN MORAN, Respondent, *vs.* D. A. JANUARY, Appellant.

1. *Practice, civil—New trials—Motions.*—The motion for a new trial must be made within four days after the trial, if the term shall so long continue, and if not, then before the end of the term.

## *Appeal from St. Louis Circuit Court.*

Thos. *Grace,* and John *Hallum,* for Respondent.

If a party against whom a verdict is found and judgment given fail to file his motion for a new trial within the four days prescribed by the statute, but subsequently files his motion, which is overruled, no writ of error will lie from the judgment overruling the motion. (W. S., 1059, § 6 ; Richmond's Adm'x vs. Wardlaw, 36 Mo., 313 ; Nordmanser vs. Hitchcock, 40 Mo., 178 ; Frederick vs. Rice, 46 Mo., 24 ; State vs. Marshall, 36 Mo., 400.)

WAGNER, Judge, delivered the opinion of the court.

In this case a judgment was regularly rendered for the plaintiff, and twelve days after the rendition of the same, and without leave of court, a motion was filed for a new trial.

The motion was overruled. The statute provides that all motions for new trials or in arrest of judgment shall be made within four days after the trial, if the term shall so long continue, and if not, then before the end of the term. (2 W. S. 1059, § 6.)

Under the above section the uniform course of decision has been, that unless the motion is filed within the four days prescribed, no writ of error or appeal will lie from the judgment of the court overruling the same. (State vs. Marshall, 36 Mo., 400 ; Richmond vs. Wardlaw, 36 Mo., 313 ; Banks vs. Lades, 39 Mo., 406 ; Bishop vs. Ransom, 39 Mo., 416 ; Farmers Bank vs. Bayliss, 41 Mo., 274 ; Long vs. Towl, 41 Mo., 398 ; Morgner vs. Kister, 42 Mo., 466.)

It follows therefore, that the appeal must be dismissed. The other Judges concur.