Exchange National Bank v. Allen *et al., Appellants.*

1. **Motion for New Trial.** The Supreme Court will not review the proceedings below where the appellant has failed to file his motion for a new trial or in arrest of judgment within the time allowed by statute.

2. **Appeal**: ENTRIES NUNC PRO TUNC. A trial court may amend a record *nunc pro tunc* after appeal taken. The appeal deprives it of jurisdiction of the case but not of the records.

*Appeal from Boone Circuit Court.*—HON. G. H. BURCKHARDT, Judge.

Action on a promissory note for $1,200, brought by

the respondent against the appellants. The case was tried at the August term, 1874. Neither party requiring a jury, the cause was submitted to the court which rendered a verdict for the respondent for the amount of the note and interest. Appellants, thereupon, stated, by their counsel, that they would file motions for a new trial and in arrest, (assigning the usual reasons,) before the adjournment of the term, and upon such statement the court directed the entry to be made when filed, of the filing and overruling of said motions. The clerk made an entry in the record of the filing of the motions. The latter were not, however, filed. The trial court thereafter, at the November term, 1877, upon due notice and hearing of the parties, caused the entry prematurely, and by mistake, made by the clerk, to be corrected, *nunc pro tunc*, so as to show that no motion in arrest or for a new trial had been filed in the cause.

*Henry Flanagan* and *John H. Overall* for appellants.

*O. Guitar* and *Lay & Belch* for respondent.

NORTON, J.—It has been settled by repeated decisions that this court will not review the proceedings had in a trial court when the party prosecuting his appeal or writ of error, has failed to file his motion for new trial or in arrest of judgment within the statutory time, thus giving the lower court an opportunity to correct its error. *Morgner v. Kister*, 42 Mo. 466; *State v. Marshall*, 36 Mo. 400; *Morgan v. January*, 52 Mo. 523; *Banks v. Lades*, 39 Mo. 406.

1. MOTION FOR NEW TRIAL.

The record before us as amended by the *nunc pro tunc* entry made by the circuit court in November, 1877, shows that neither motion for new trial nor in arrest was filed at any time. It is, however, insisted, with much earnestness, that the trial court, after the cause had been transferred to this court by appeal, lost its jurisdiction of the cause and the record, and could not, therefore, lawfully make an order *nunc pro tunc*. This

2. APPEAL: entries nunc pro tunc.

position, we think, is not maintainable, and is overthrown by the case of *DeKalb Co. v. Hixon et al.*, 44 Mo. 341, in which it was held that it was within the power of the trial court to make such entries after appeal taken, and while pending in the appellate court : " That while by such appeal the trial court lost its jurisdiction of the case, it did not of its records. It had authority as well after as before the appeal to amend its records according to the truth, so that they should accurately express the history of the proceedings which actually occurred prior to the appeal." This case was followed and approved in *Jones v. St. Jo. Fire & Mar. Ins. Co.*, 55 Mo. 342. In all such cases, however, the record should show the facts authorizing the entry, and it should not be based on the memory of the judge or facts proved by affidavits apart from what is shown by the record. *Robertson v. Neal*, 60 Mo. 579 ; *Priest v. McMaster*, 52 Mo. 60 ; *State ex rel. v. Prime*, 61 Mo. 166 ; *Lexington & St. Louis R. R. Co. v. Mockler*, 63 Mo. 348.

It appears that the cause before us was tried in the Boone circuit court on the 28th day of August, 1874, and the entry in the record then made was that defendants filed motions for new trial and in arrest of judgment. It also appears that plaintiff gave proper and timely notice to defendants that he would, on the 21st day of November, 1877, while the appeal was still pending in this court, apply to the circuit court, of Boone, to correct the above record entry, so as to show that no motion for new trial or in arrest of judgment had been filed. This motion of plaintiff (defendants appearing thereto) was heard, and considered by the court and was sustained, and an order made correcting the entry as prayed for. " This being done on motion after due notice to the defendants and the correction having been made, we will presume that the court had sufficient evidence in its records to authorize the change in the entry." *Jones v. St. Joseph Fire and Marine Ins. Co.*, 55 Mo. 344. The cases of *Stewart v. Stringer*, 41 Mo. 400, and *Todd v. Cousins*, 35 Mo. 513 relied upon by

defendants' counsel as establishing the doctrine, that after an appeal to this court the circuit court has no authority to make an entry *nunc pro tunc*, correcting the record, were before the court in the case of *DeKalb Co. v. Hixon, supra,* and in the case of *Jones v. St. Joseph Fire and Marine Ins. Co., supra,* and it was said in the latter case "that the objection taken that the court had no power after the cause was brought here by appeal or writ of error to make an entry *nunc pro tunc*, has heretofore been considered by this court and determined otherwise. The power of the circuit court to make the *nunc pro tunc* entry being thus established, and as the record thus corrected shows that no motion for new trial or in arrest had been filed, it necessarily results in an affirmance of the judgment.

*Morgner v. Kister, et. al.,* 42 Mo. 466, 52 Mo. 523. *State v. Marshall,* 36 Mo. 400. *Banks v. Lades,* 39 Mo. 406, 36 Mo. 313. Plaintiff having filed a remittitur for the sum of $115, excess of recovery on the note sued upon, the judgment of the circuit court, less the said sum of $115, is affirmed, the costs of the appeal being adjudged against plaintiff. *Miller v. Hardier,* 64 Mo. 545 ; 65 Mo. 535.

AFFIRMED.