BOLLINGER V. CARRIER, *et al., Appellants.*

**Bill of Exceptions:** MOTION FOR NEW TRIAL. This court will not consider a bill of exceptions wherethe record does not affirmatively show that the motion for new trial was filed within four days after the trial; nor will it review any errors, alleged to have occurred at the trial, unless they were specifically brought to the attention of the court below by a motion for new trial.

*Appeal from Ozark Circuit Court.*—HON. J. R. WOODSIDE, Judge.

AFFIRMED.

*Hamilton & Fisher* and *Monks & Livingston* for appellants.

*Hale & McClendon* for respondents.

PHILIPS, C.—This is an action of ejectment. The petition is in the usual form. Respondents, plaintiffs below, recovered judgment, from which the defendants have appealed.

There are no errors apparent from what is known as the record proper. The errors complained of are such as arose on the trial, and as such they can be brought to the attention of this court for a review only by being preserved in a bill of exceptions. The record proper, instead of being made out separately, as it should be, independent of the bill of exceptions, is incorporated in what purports to be the bill of exceptions. It is impossible to tell from this record on what day the cause was tried, and on what day final judgment was rendered. The bill of exceptions recites that after the rendition of judgment, " within five days the defendants filed their motion to set aside the judgment and grant a new trial." The statute, (Gen. St., 684, § 6; § 3707, R. S. 1879,) provides that " all motions for new trial shall be made within four days after the trial, if the term shall so long continue; and if not, then before the end of the

term." The record must show affirmatively that this motion was filed within the prescribed four days. There is nothing here to show that this was done, but on the contrary, it appears from the bill of exceptions that the motion was filed "within five days" after judgment was rendered. This is not sufficient, as has been repeatedly decided by this court. *Williams v. St. Louis Circuit Court,* 5 Mo. 248; *State v. Marshall,* 36 Mo. 400; *Moran v. January,* 52 Mo. 523. This court will not review the alleged errors of the trial court committed in the progress of the trial unless the attention of that court is specifically called to the errors in a motion for new trial, so as to afford to it, in the first instance, an opportunity to correct the error. *Exchange National Bank v. Allen,* 68 Mo. 474, and authorities cited.

It must, therefore, follow that the judgment of the circuit court should be affirmed, which is accordingly ordered. All concur.