STATE OF IOWA v. JOHN W. DUNN, Appellant.

EVIDENCE: *Hearsay.* To admit a conversation between a witness and another, so that the witness may fix a date with reference to such conversation, does not constitute the taking of hearsay and is proper.

REVIEW OF CONFLICT IN EVIDENCE. Evidence that property was stolen was undisputed, and there was also evidence that defendant had realized a part of the profits from a sale of the property, and that he had confessed. *Held*, sufficient to sustain a conviction, notwithstanding evidence tending to show an alibi.

*Appeal from Page District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, DECEMBER 13, 1899.

INDICTMENT for Larceny. From a verdict and judgment of guilty, defendant appeals.—*Affirmed.*

*C. W. Stuart* and *D. H. Chiles* for appellant.

*Milton Remley*, Attorney General and *Chas. A. Van Vleck*, Assistant Attorney General, for the State.

DEEMER, J.—I. Defendant is accused of having stolen three hogs. the property of one Cass Bean. But two complaints are made of the proceedings in the trial court: *First*, it is insisted that the court was in error in allowing in evidence the testimony of witnesses Ruechel and Duncan; and, *second*, that the verdict is not sustained by sufficient evidence, and is contrary thereto. Witness Ruechel testified that he met three men, including the defendant, in a wagon, not far from the scene of the larceny, about 9 or 10 o'clock in the evening. He was not able to fix the date, except by reference to a conversation he had with Duncan three or four days after he saw the men. Duncan was permitted to testify, over defendant's objections, as to the conversation he had with Ruechel, for the purpose of fixing the date when he (Ruechel) saw these men. He also testified that at the time he had the conversation he fixed the date of the alleged larceny, and made inquiry of Ruechel about seeing some men on that night. Ruechel further testified that when Duncan made inquiry of him, and fixed the time, he then remembered that he saw the men on that particular occasion. Surely this evidence was properly admitted for the purpose of fixing the time when Ruechel saw the defendant in the neighborhood of the scene of the larceny. It was not hearsay, but direct evidence tending to fix a date, and was clearly admissible for that purpose.

II It is shown without dispute that the hogs in question were stolen by some one, and the only real issue was the defendants connection with the theft. The evidence shows that defendant realized a part of the profits from the sale of the hogs, and there was also evidence of a confession made by him to one Pierce. If credited by the jury, this was sufficient to sustain the verdict, notwithstanding the evidence adduced tending to show an alibi. We have examined the record with care, and find no error.—AFFIRMED.

GRANGER, J., not sitting.