# CHARLESTON.

THE ROANE LUMBER CO. *v.* LOVETT, ADM'R.

Submitted June 14, 1912.    Decided April 22, 1913.

1. NEW TRIAL—*Grounds—Errors in Instructions.*

     A trial court may set aside a verdict for errors in rulings upon instructions, though no exceptions to such rulings were taken before rendition of the verdict. (p. 329).

2. EVIDENCE—*Declarations—Admissibility.*

     A declaration or utterance of a party to a transaction marking the time thereof and made to a stranger to the transaction, is admissible in evidence to identify the time or fact and, if the testimony of the declarant, respecting the time or fact, is

contradicted, to corroborate him; but such declaration is not evidence of the transaction itself or the date thereof.  (p. 330).

(LYNCH, JUDGE, absent).

Error to Circuit Court, Lewis County.

Action by the Roane Lumber Company against H. E. Lovett, administrator.  Judgment for plaintiff, and defendant brings error.

*Reversed and Judgment for Defendant.*

*Williams, Scott & Lovett,* and *W. G. Bennett,* for plaintiff in error.

*Brannon & Stathers,* for defendant in error.

POFFENBARGER, PRESIDENT:

Claiming the right to recover from J. T. Lovett $213.68 as an overpayment to him on account of purchase money for lumber, or, in other words, for a shortage in the lumber, the Roane Lumber Company sued him before a justice of the peace and recovered a judgment for said sum, from which Lovett appealed.  On the trial in the circuit court, there was a verdict for the defendant which the court set aside.  Later, after the death of Lovett and revival against his administrator, the case was submitted to the court in lieu of a jury, upon the evidence adduced upon the first trial, which had been made part of the record for the purposes of an application for a writ of error, by proper bills of exception, and the court rendered a judgment for the plaintiff.  The administrator seeks reversal thereof and also of the order setting aside the verdict, re-instatement of the verdict and judgment thereon.

The vital inquiry here is, whether the trial court erred in setting aside the verdict.  If it did, the order setting it aside will have to be reversed, with re-instatement of the verdict, and judgment upon it for the defendant will follow, together with reversal of the judgment rendered for the plaintiff.  In support of the motion to set aside the verdict, six grounds of error were assigned, admission of improper evidence for the defendant, rejection of proper evidence offered by the plaintiff, refusal to give proper instructions asked for by the plaintiff, the giving of improper in-

structions asked for by the defendant, insufficiency of the evidence to sustain the verdict, and violation of instructions of the court in the rendition of the verdict.

.In the bill of exceptions, the court certified the failure of the plaintiff to make any objection to the rulings on instructions or take any exceptions thereto, until after the jury had rendered its verdict. If the court based its action upon the rulings respecting instructions, the failure to object or except until after the verdict, might not be material upon the present inquiry, for a trial court can no doubt set aside a verdict of its own volition upon its own motion, if it perceives error in the instructions which misled the jury. The province of the court goes beyond action as umpire in a mere game or contest between the parties litigant. Its proper function is to effectuate right and justice between them within the limits of legal rules and principles. Thomp. Trials (2 ed.), sec. 2711; *McCabe* v. *Lewis,* 76 Mo. 301; *Hensley* v. *Davidson,* 135 Ia. 100; *Weber* v. *Kirkendall,* 44 Neb. 766; *Railway Co.* v. *Donovan,* 110 Mich. 173; *Ellis* v. *Ginsburg,* 163 Mass. 143; *Richmond* v. *Wardlaw;* 36 Mo. 313.

The court refused but one instruction asked for by the plaintiff and that was obviously bad. The bill of exceptions does not show any instructions at all given for the defendant. If the plaintiff was prejudiced by the giving of any erroneous instruction against him so as to warrant the court in setting aside the verdict, such instruction should have been made a part of the record. Five instructions given for the plaintiff seem to have submitted to the jury fairly and fully its right to recover. Nothing perceived in the rulings on instructions justifies the ruling on the motion to set aside the verdict.

A supposed error in the admission of evidence for the defendant appears to have been the ground upon which the court based its action in respect to the result of the first trial. This related to a minor and subsidiary issue as to the time of the making of the contract for the sale of the lumber, Lovett claiming it to have been made on Friday or Saturday, November 13 or 14, 1905, notwithstanding the receipt given by him was dated on Monday, November 16, 1905. He claims the voucher and receipt were prepared on Friday or Saturday and he began hauling the lumber on Monday, but took the precaution to obtain payment and sign the receipt on Monday, before any lumber was actually de-

'livered.    On the other hand, Rinehart, the officer of the company through whom the sale was made, and one Moore, a purchasing agent, claim the sale was actually made and the voucher and receipt prepared on Monday.    The main issue in the case was whether or not the purchaser had the right, under the contract, to re-inspect and re-measure the lumber, the assertion of this claim being denied by the defendant.    He had had the lumber inspected and classified for the purposes of a sale to other parties, about two years before the sale to plaintiff.    Having the certificate of that inspection or a copy thereof, he claims the measurements and classifications of that instrument, shown by these papers were used in the negotiation of the sale to the plaintiff, and adopted and made the basis of the contract.    Plaintiff wholly denies this, and Moore gave it as his recollection that it was understood that the lumber was to be re-graded.    This conflict in the testimony involved contradiction as to the time, places and circumstances of the negotiations.    In this connection, the defendant was permitted to testify to a declaration made to his daughter on Friday or Saturday, that he had that day made a sale of the lumber, and the daughter was permitted to testify to the like declaration and to fix the time by reference to the date of a confidential announcement of the wedding of a friend, which she was authorized to make public on the following Tuesday evening.    She was also permitted to file a copy of the wedding announcement as a part of her deposition.

The obvious purpose of this testimony was to corroborate and sustain Lovett's testimony as to the time and circumstances of the consummation of the sale against the contradictory testimony of Rinehart and Moore.    The declaration was not offered for the purpose of proving the same to have been made on Friday or Saturday, nor was it competent evidence for that purpose.    Nevertheless, it had a natural tendency to corroborate the statement of Lovett as to the time of the sale.    It was a verbal act, a circumstance sustaining the testimony of Lovett against the attack made upon it by the testimony of plaintiff's witnesses.    It did this by its tendency to prove his credibility.    Such evidence is not obnoxious to the hearsay rule, nor excluded by it, because it is not testimonial evidence,—not evidence adduced for the purpose of proving the facts in issue.    Wig. Ev., secs. 416, 1791.    In the former section, the author says:    "It often happens that a place

or a time is marked significantly by an utterance there or then occurring, so that the identification of it may alone be made, or best be made, by permitting the various witnesses to mention the utterance as an identifying mark. The utterance, not being used as an assertion to prove any fact asserted therein, is not obnoxious to the Hearsay rule, and may therefore be proved like any other identifying mark." Declarations of this kind were admitted in *Rex* v. *Richardson,* 2 Cox Cr. 361; *Barrows* v. *State,* 80 Ga. 194; *State* v. *Dunn,* 109 Ia. 750; *Stewart* v. *Anderson,* 111 Ia. 329; *Earle* v. *Earle,* 11 All. 1; *Commonwealth* v. *Sullivan,* 123 Mass. 221; *People* v. *Mead,* 50 Mich. 229; *Agulino* v. *Railroad Co.,* 21 R. I. 263; *Hill* v. *North,* 34 Vt. 616; *Weeks* v. *Lyndon,* 54 Vt. 640; *State* v. *Young,* 67 Vt. 450; *Wilkins* v. *Metcalf,* 71 Vt. 103. The admissibility of such evidence for purposes of identification or corroboration is asserted in *Railroad Co.* v. *Simpson,.* 14 Pet. 458; *Thompson* v. *Bank,* 111 U. S. 529; *Card* v. *Foot,* 7 Am. St. R. 311; *Ross* v. *Bank,* 15 Am. Dec. 664; *Westmore* v. *Mell,* 59 Am. Dec. 607; *Craven* v. *State,* 122 Am. St. R. 799. The daughter's testimony to this declaration, as well as the defendant's, was admissible. The witness also had a clear and undoubted right to refer to the marriage announcement and other circumstances enabling her to fix the date of the declaration. Neither this fact nor the declaration itself were admissible to prove that a sale was made, or the terms of the sale. The sale, its terms and time, depended for proof on other evidence, but the declaration was admissible for corroborative purposes, and the plaintiff had the right to have the court limit it to such purpose by an instruction to the jury.

The verdict is not contrary to the evidence nor to the instructions of the court. The evidence adduced on the vital question, whether Lovett sold the lumber upon the inspection made by Hill for the purpose of a sale to other parties which had not been consummated, without any right on the part of the purchaser to regrade it, under a different set of inspection rules, was oral and directly conflicting. It depended upon the credibility of the witnesses, and there were no controlling facts admitted or clearly established by evidence. Under such circumstances, a trial court cannot properly set aside a verdict. *Coalmer* v. *Barrett,* 61 W. Va. 237; *Fulton* v. *Crosby-Beckley Co.,* 57 W. Va. 91. Admitted facts seem rather to sustain the testimony of Lovett. The lum-

ber had been formerly inspected and a certificate of inspection was given, showing exactly the same number of feet and classification as the voucher and receipt given by Lovett to the plaintiff. On that basis the lumber had been actually paid for and taken away several months before notice of shortage or demand for repayment on account thereof.

Our conclusion is to reverse the judgment for the plaintiff rendered on the 27th day of May, 1910, and the judgment of June 7, 1909, setting aside the verdict of the jury, re-instate the verdict and render judgment for the defendant in conformity therewith.

*Reversed and Judgment for Defendant.*