JOHN MORAN, Appellant, *v.* DERRICK A. JANUARY, Respondent.

1. *Act of March 13, 1867 — Construction of statute — Revenue — Special tax bills — Execution — Transcript.* — The act of March 13, 1867 (Sess. Acts 1867, p. 79, art. XI), repealing that of March 19, 1866 (Sess. Acts 1865-6, p. 79), does not authorize the enforcement of the judgment of a justice of the peace upon a special tax bill, on filing of a transcript of the judgment, by the issue of an execution thereon by the circuit clerk.

*Appeal from St. Louis Circuit Court.*

*Thos. Grace*, for appellant.

*Wilbur F. Boyle*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

This was a proceeding by motion in the St. Louis Circuit Court to quash an execution issued by the clerk of that court upon a justice's transcript, which was filed in the clerk's office, March 6, 1870. The transcript evidences a judgment of $59.10, recovered by the plaintiff before a justice of the peace upon the special tax bill, dated November 6, 1869. The motion to quash rests upon the assumption that the execution was issued without the authority of law. Whether or not it was so issued, is the question for consideration.

The act of March 19, 1866 (Sess. Acts 1865-6), revising the St. Louis city charter, provided (art. VIII, § 11) that special tax bills should be a lien upon the property described in such bills, and that collections of them might be effected through the ordinary process of law; that justices of the peace might render special judgments in such cases, and that such judgments might be "enforced as in the case of delinquent taxes." Further on the same act provided (art. XI, § 4) that "all taxes, whether general or special, levied by the city upon property in pursuance of that or any other act or ordinance of the city, authorized by law to be passed, should, from the time the same was levied until they were paid, constitute a lien upon the property; and that the city might enforce the collection of them as thereinafter provided." The next succeeding section (§ 5) then provides that

" suits might be brought on all tax bills, both general and special, in any court having jurisdiction thereof, and that all justices of the peace of St. Louis county should have jurisdiction to the amount of $150." To carry into effect the judgment of a justice of the peace, it is then provided (§ 9) that a transcript thereof might be filed in the office of the clerk of the St. Louis Circuit Court, and that the clerk might thereupon issue a special *fieri facias* in conformity with the judgment, etc. Clearly these provisions supersede the provisions of the act of March 23, 1863, on the same subject. (Sess. Acts 1863, p. 75.)

The two acts can not stand together, and the earlier enactment must give place to the later, and that was undoubtedly the understanding and purpose of the Legislature. The act of 1866 furnishes within itself a complete system for the enforcement of the payment of all city taxes, general and special, and expressly repeals all inconsistent laws ; and the act of 1863 was, in various particulars, inconsistent with the act of 1866.

The act of 1866, as we have seen, authorized the filing of justices' transcripts in the office of the circuit clerk, and the clerk was thereupon empowered to issue special executions to carry into effect the judgments evidenced by such transcripts. But the act of 1866 was itself repealed by the act of March 13, 1867 (Sess. Acts 1867, art. LXXIX, p. 11), and the repealing act makes no provision for the filing of transcripts with the circuit clerk, nor does it authorize the clerk to issue executions upon such transcripts. In lieu of such provisions, it enacts that the payment of taxes in the city of St. Louis shall be enforced in the " manner and under the same rules and regulations as shall be provided by law for the enforcement of the payment of the State and county taxes in St. Louis county." Now it is not claimed that the law providing for the enforcement of the payment of State and county taxes in the county of St. Louis conferred any authority upon the circuit clerk to issue the execution in question. The former laws which did confer the authority were repealed in the manner already pointed out, and the clerk was consequently left without authority for the act.

The plaintiff's counsel call attention to the act of March 13,

1867 (Sess. Acts 1867, p. 149, § 26), in relation to the assessment and collection of revenue for the State. The twenty-sixth section of that act provides that the "city of St. Louis shall proceed with the collection of all delinquent taxes, interests and costs now due or past due upon the assessment preceding the first day of September, 1866, in the manner now provided by law or ordinance." Granting that this enactment kept in force the act of March 19, 1866, for the purpose of collecting the delinquent taxes referred to, that circumstance is of no service to the plaintiff, since the taxes he is seeking to collect do not belong to the class of taxes specified in the saving clause of the act.

It is evident that the Legislature intended to supersede and repeal the act of 1863 by the act of 1866, and it is equally clear that the Legislature intended to supersede and repeal the act of 1866, so far as the subject of this suit is concerned, by the act of 1867. The omission in the act of 1867 of any provision for the enforcement of the judgment of a justice of the peace upon a special tax bill, by the issue of an execution thereon by the circuit clerk, may have been accidental and unintended. This omission, nevertheless, can not be supplied by judicial decision.

The judgment must be affirmed. The other judges concur.