R. W. CATOR *et al.*, Respondents, *v.* JOHN W. COLLINS *et al.*, Appellants.

### May 16, 1876.

1. A motion to suppress or exclude a deposition for want of notice of the taking of it, made for the first time at the trial of a cause, the deposition having been on file for more than nine months, and there being a rule of court requiring that all exceptions for such cause should have been filed more than six months before, was properly overruled.

2. A motion, made for the first time during the trial, to dismiss a suit for want of security for costs was properly overruled.

3. Where the petition charges fraud in fact in respect of a deed, and the deed is fraudulent in law, the evidence as to fraud in fact being conflicting, and the finding of the court is for the plaintiff generally, there is no reason for saying that there is a want of correspondence between the allegations and the proofs.

4. A deed is fraudulent and void as to creditors, and will be presumed to have been contrived with that intent, if, by its terms, the property is left in the hands of the grantor with power of sale.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*R. S. Voorhis*, for appellants, cited : Voorhis *v.* Langsdorf, 31 Mo. 451 ; Stanley *v.* Bunce, 27 Mo. 270 ; Billings *v.* Bunce, 28 Mo. 547 ; Decker *v.* D'Oench, 31 Mo. 453 ; Bryan *v.* Penix, 18 Mo. 13 ; Bennett *v.* Robinson, 19 Mo. 654–658 ; Johnson *v.* Jeffries, 30 Mo. 423 ; Bevins *v.* Bolton, 31 Mo. 437 ; Eaton *v.* Perry, 29 Mo. 96 ; Howell *v.* Bell, 29 Mo. 135 ; Henderson *v.* Henderson, 55 Mo. 555 ; Carlton *v.* Patterson, 29 N. H. 580 ; Cushman *v.* Wooster, 45 N. H. 410 ; Hendricks *v.* Craig, 2 South. 567 ; Wilson *v.* Cornell, 1 South. 117 : Lightfoot *v.* Cole, 1 Wis. 26 ; Pickett, Exr., *v.* Ford, 4 How. 246 ; Farmers and Mechanics' Bank *v.* Hathaway, 36 Vt. 539–546 ; Unis *v.* Charlton, 12 Gratt. 20 ; Garnett *v.* Yoe, 17 Ala. 74 ; Bryant *v.* Ingraham, 16 Ala. 116–120.

*L. Eaton* and *Nagel & Wislizenus*, for respondents, cited : Brooks *v.* Wimer, 20 Mo. 503 ; Reed *v.* Pelletier, 28 Mo. 173 ; Billingsley *v.* Bunce, 28 Mo. 547 ; Stanley *v.* Bunce, 27 Mo. 270 ; Lodge *v.* Samuels' Exr., 50 Mo. 204 ; Bump's Fr. Conv. 163, *n.* 1, 164 ; Voorhis *v.* Langsdorf, 31 Mo. 453 ; Roberts' Fr. Conv. 189 ; Ames *v.* Blunt, 5 Paige, 13 ; Farmers' Bank *v.* Douglass, 11 Smed. & M. 470 ; Baker *v.* Bartol, 6 Cal. 482 ; Sturtevant *v.* Ballard, 9 Johns. 343 ; Pettibone *v.* Stevens, 15 Conn. 26 ; Decker *v.* D'Oench, 31 Mo. 453 ; Alexander *v.* Warrance, 17 Mo. 228 ; Hepburn *v.* Dunlop, 1 Wheat. 179 ; Holmes *v.* Fish, 9 Mo. 201.

GANTT, P. J., delivered the opinion of the court.

Respondents sued appellants to the February term, 1874, of the St. Louis Circuit Court. They claimed to be partners, and alleged that they had sold and delivered to Louisa Collins certain merchandise, in December, 1872; that Louisa Collins was, for a long time before said sale and delivery, a dealer in millinery and straw goods, in Missouri, possessed of a large stock of goods to her belonging in her own right, and as her own separate property; that she was the wife of John W. Collins, one of defendants, and carried on this particular business on her own account, with the consent of her husband, who was engaged in another business, neither interfering with, nor participating in, the profits of the business of the said Louisa; and that said John W. Collins was her trustee in respect of this property, and that, by deed dated December 4, 1873, she and he conveyed the property to R. S. Voorhis in trust, to secure to Worthington and Voorhis the payment of certain notes described in said deed; that said notes were wholly without consideration; the deed was fraudulent and void, as being intended to hinder, delay, and defraud creditors; and asking for a decree subjecting all of said property to the payment of the price of the merchandise by respondents sold to Louisa. John W. and Louisa Collins, Voorhis, and Worthington & Co. were made parties defendant.

Answers were filed by Voorhis, Worthington & Co., denying fraud in the making of the deed; denying that the property conveyed was the separate estate; denying that, in contracting the debt, she promised to charge her separate estate; denying that the deed was without consideration; denying all knowledge of the debt from Louisa to plaintiffs; denying all knowledge, at the time of taking the deed, of any other indebtedness on the part of Louisa, and charging an intent on the part of Louisa to defraud Worthington and Voorhis, which led to the taking possession of said stock by the trustee in said deed.

A replication was filed, denying that defendants, at the time of taking the deed, had no notice of the debt to

the plaintiffs ; denying that Louisa represented herself as free from debt when she purchased from Worthington and Voorhis, and denying the attempt of Louisa to defraud Worthington and Voorhis.

There was a trial in February, 1875, before the court, sitting as a jury, and a verdict and judgment were given for plaintiffs. A motion in arrest of judgment was filed and overruled. A motion for a rehearing was also filed and overruled. When these motions were respectively filed does not appear. Counsel should be careful to show by the record the date of such filing. It does appear that "defendants *duly* filed their motion to set aside the decree," and that "they also filed their motion in arrest of judgment." It does not appear whether either motion was filed within four days, unless this is an inference from the use of the word "duly," which may admit of doubt ; but this only applies, at most, to the motion for a rehearing. It is not intended to comment further on this matter, however.

The motion for a rehearing alleged, for causes, that the finding of the court, that the deed in evidence was against the statute and void as to creditors, is erroneous, and that the decree was against evidence and against law.

The motion in arrest set forth that the pleading did not present an issue upon the face of the deed complained of ; that no issue was tendered as to the legal effect of the deed ; that there is no allegation that the deed is void on its face as to creditors, and the finding of the court was upon an issue not raised by the pleadings.

The Circuit Court, at general term, affirmed the judgment, and the case comes here by appeal.

At the trial the deed from John W. and Louisa Collins to R. S. Voorhis was read. It was dated November 4, 1873, and purported to be executed by John W. Collins, trustee of Louisa Collins, by her direction, party of the first part, R. S. Voorhis, of the second part, and Worthington and Voorhis, of the third part. It conveyed to the trustee " all the millinery goods, consisting of ribbons, feathers, flowers,

bonnets, etc., and all store-fixtures and gas-fixtures, at 806 North Fifth street, in St. Louis, being the same goods and fixtures this day conveyed by parties of the third part to John W. Collins, as trustee of Louisa Collins,'' for her sole and separate use, also, other goods, now in another store occupied by said Louisa, on Franklin avenue, and, '' also, all and singular such goods and merchandise as shall be added to the stock, from time to time, as the present stock is disposed of in the course of trade ;'' in trust that, whereas Louisa had executed to Worthington and Voorhis her six negotiable promissory notes, of even date with said deed—one for $150, payable thirty days after date ; another for $250, at sixty days ; one for $150, at ninety days ; one for $400, at six months ; one for $200, at eight months ; and one for $475, at nine months after date, all bearing 10 per cent. after date—if any of said notes should be unpaid, then the trustee might proceed to sell the property, etc., '' at the most convenient place '' in the city of St. Louis, to the highest bidder, '' first giving twenty days' public notice '' of the sale, '' either by publication in some newspaper or by hand-bills, or by both.''

Certain depositions were offered by plaintiffs, which had been filed in May, 1874, in term time, and no exceptions had been filed to them according to the rules of practice of the court At the trial the defendants objected that it did not appear that due notice of the taking of the depositions had been given to the defendants. The rule of court required all such objections to be filed, at latest, at the June term, 1874. The court overruled the objection, and defendants excepted.

Louisa Collins was examined by plaintiffs, and testified in such manner as to support the allegations of the petition. Mr. Voorhis contradicted her in several particulars. The debt of plaintiffs, their partnership, and other formal matters were proved.

No instructions were asked, the case being one of chancery jurisdiction, but the decree was as before stated.

To reverse the judgment of the Circuit Court, the appellants make the following points :

1. " The question of fraud made by the pleadings is fraud in fact ; and, under this allegation, fraud in law cannot be shown."

2. " The court erred in overruling the motion made, at the trial, to dismiss the suit for want of security for costs."

3. " The court erred in permitting the deposition of W. J. Watters to be read."

We will consider these points in inverse order.

1. The deposition was properly admitted. The rule of practice in the Circuit Court is very clear, and applies exactly. If the defendants had any real objection to this deposition—if, in fact, they had no notice of its being taken, and desired to challenge or dispute any fact established by it, it is inconceivable that they should not, in the nine months during which the deposition had been on file, have moved to suppress it. If such a motion had been made a little out of time, as—at the end of ten days—at the June term, 1874, with any fair excuse for the delay, we should be disposed to say that the rigor of the rule should be relaxed, and the plaintiff should be obliged to take the deposition over again, when defendants might cross-examine. But we are obliged to regard defendants as having had, and neglected, an opportunity to cross-examine ; as having resolved to defer the objection to the deposition, that it did not show affirmatively the giving of notice, until the trial, when to have given it effect would have operated a surprise and an injustice ; and all this in the face of a rule which admonished them that such objections must be taken seasonably or will be barred.

The appellant has cited numerous cases decided in other States, to the effect that depositions can only supply the place of the living and present witness when the statutory formalities, or, to speak more accurately, the statutory precautions by which the Legislature has guarded parties against *ex parte* testimony, have been observed. There is

no doubt of the rule. Its application to the case before us is not perceived. The object of the law is to guard a party from being injured by the testimony of a witness whom he has had no opportunity to cross-examine, and no rule of court which respects this jealousy can be considered as breaking down the guard which the common law throws around the party. In the case before us this guard was surely not broken down. Nothing was easier than for defendants, if they really had not had notice of the taking of this deposition, to have filed their objection to it in due time. The vigilance of their counsel forbids the hypothesis that he was not aware that such a deposition was on file. By failing to make any objection until the case was on trial the defendants deprived themselves of all right to be heard, and the court acted with entire propriety, as well as in perfect conformity with precedents, in overruling the objection when made. *Brooks* v. *Boswell*, 34 Mo. 474.

2. As to the refusal of the court to entertain, at the trial, the motion to dismiss the suit for want of security for costs, we see no ground of objection. A loose practice has undoubtedly grown up in respect of the institution of suits in behalf of non-residents. Whenever a petition is offered to the clerk, and he is directed to issue the appropriate process, it is clearly competent (and, indeed, it is his plain duty) for him to inquire, if he is not already informed on the subject, whether the plaintiff be resident or non-resident, and, in the case of his being non-resident, to exact the bond for costs which is indicated by the 1st section of chapter 173, title 35, of General Statutes or Missouri. This was formerly the settled practice. Like all duties, however, the performance of it sometimes gave umbrage, and so it became customary, in ways more or less indirect, to shift this performance from one to another of the parties who may suggest the cause and ask for a bond for costs during the pendency of the suit (as provided in section 2 of the same article). Obviously the person who, as attorney, brings a suit in behalf of a non-resident, with-

out filing an undertaking for costs, commits what may be termed an impropriety; but it is one which has been so long acquiesced in that it would be extremely harsh peremptorily to enforce against him the extreme consequences of his irregularity; and if the defendant, who, of course, is aware of the non-residence of the plaintiff, continues silent until the cause is reached for trial, and then attempts for the first time to exact these extreme consequences, he is guilty of at least as great an impropriety, and will only have himself to blame if his application be treated as the court in this case treated it. We are of opinion that the Circuit Court, in this instance, discerned what was just in the eye of the law, and administered it. We will not interfere with the discretion thus exercised. *"Discretio est discernere per legem quid sit justum."*

3. The third point made is that the evidence given does not support the case made by the petition; that the petition alleged fraud in fact, while the evidence shows nothing of that kind; and it is also alleged with much positiveness that the finding of the court expressly negatived fraud in fact.

We have looked carefully into the record, and all support of this allegation has escaped our scrutiny. We find nothing on the subject of the finding except in the formal entry of the determination of the issues immediately preceding the entry of the judgment, and the records there used are the following: "Said parties, waiving a jury, submit this cause to the court upon the evidence and proofs adduced, and the court having heard the same, being fully advised thereof, doth find the issues joined in favor of the plaintiffs." We find nothing whatever to add to, or qualify, this finding. If it be meant that expressions fell from the learned judge by whom the cause was tried justifying the statement on this subject made by the appellants, all that we can say is, *it does not appear*.

We are, then, to look at the issues, on the subject of this deed, by the pleadings.

The petition states "that the said deed of trust was

·executed by said defendant John W. Collins, wholly without consideration, either to him or said Louisa, and with the intent, on the part of said Louisa Collins, John W. Collins, Robert S. Voorhis, J. Wilson Worthington, and Cornelius Voorhis, to hinder, delay, and defraud thereby the creditors of her the said Louisa Collins, and that the said Worthington and Voorhis are still the holders of such of said notes as remain unpaid. Plaintiffs further state that, with the view of carrying out and consummating said scheme for ·defrauding the creditors of said Louisa Collins, said defendant Robert S. Voorhis has, by direction of said other defendants, taken possession of said goods, wares, and merchandise," etc.

In answer to this, defendants (except John W. and Louisa Collins) say: "Defendants deny that said deed of trust was executed by said John W. Collins wholly without consideration either to him or said Louisa. They deny that said deed of trust was made with the intent, on the part of themselves, said Robert S. Voorhis, J. Wilson Worthington, and Cornelius Voorhis, to hinder, delay, and defraud creditors of said Louisa Collins. As to the intention of said John W. and Louisa Collins in executing said deed, these ·defendants have no knowledge other than their actions and ·declarations at the time of the execution, and before and after, of said deed, when they represented that they had no ·creditors," etc.

This is all we find making up the issues respecting the fraudulent character of the deed of trust. These issues the court found for the plaintiffs.

The evidence as to fraud, in fact, is conflicting. The court below certainly found this issue for the plaintiffs. Assuming that we are at liberty to look at the evidence in order to ·determine whether the court, sitting as a chancellor, determined this matter according to the evidence, we are certainly of opinion that we have no sufficient warrant for disturbing the decree upon that ground. If we were of opinion

that the deed was made to secure a debt to Worthington and Voorhis, *and to defeat the claim of other creditors*, then, if Worthington and Voorhis were cognizant of this design, the deed would be a nullity when impeached by the creditor sought to be defrauded. *Henderson* v. *Henderson*, 55 Mo. 534–555, for the passages cited.

But, independent of this, the deed is fraudulent and void as to creditors, and will be irresistibly presumed to have been contrived with that intent if, by its terms the property is left in the hands of the grantor with power of sale. Such, we think, was what this deed contemplated and provided for. It conveyed a stock of goods, wares, and merchandise, " consisting in part of millinery and other goods now in a store occupied by said Louisa Collins, on Franklin avenue, west of Sixteenth street, in said city, and to be immediately removed into said store, No. 806 North Fifth street " (another lot had been previously described as existing at. 806, and also conveyed by this deed), " and also all and singular such goods and merchandise as shall, from time to time, be placed in said store * * * to replenish and keep up the stock thereof, *as the present named stock is disposed of in course of trade.*" If this be not a provision that the business will be kept up, and the stock sold by Louisa Collins at her discretion, words have no meaning. The terms of the instruments condemned as fraudulent in the cases of *Brooks* v. *Wimer*, 20 Mo. 503, and other cases down to, and including, that of *Lodge* v. *Samuels*, 50 Mo. 204, are far less unambiguous. The judgment must be affirmed. All the judges concur.