JOHN DEMSKE, Respondent, v. JOHN HUNTER, Appellant.

Kansas City Court of Appeals, December 6, 1886.

1.  PRACTICE—MOTION FOR NEW TRIAL—BILL OF EXCEPTIONS MUST SHOW TIME OF FILING AND DATE.—Although the filing of a mo-

tion for new trial is entered on the clerk's minutes, yet it is not a part of the record proper, unless contained in the bill of exceptions which must also show the filing and date of the motion.

2. —— —— CASE ADJUDGED.—Where, as in this case, it appears by the bill of exceptions, after a recital of the rendering of the verdict that "thereupon" the defendant filed a motion for a new trial, etc. *Held*, that the use of the word "thereupon," without more, does not make it appear affirmatively that the motion was filed within the time limited by statute.

*On Motion for Rehearing.*

3. —— RECORD OUTSIDE OF BILL.—Notwithstanding the record, outside of the bill of exceptions, may show the filing of motion for new trial, it must appear in the *bill* that it was filed within four days.

APPEAL from Morgan Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

*Motion for rehearing overruled.*

The case is stated in the opinion.

A. W. ANTHONY, for the appellant.

I. The instructions given for plaintiff were erroneous, and submit issues which were not raised. There was no allegation of fraud or false representations in the petition. *Smith v. Sims*, 77 Mo. 274; *Parker v. Marquis*, 64 Mo. 38. The petition shall contain a plain and concise statement of the facts constituting a cause of action without unnecessary repetition. Sect. 3511, Rev. Stat. If plaintiff had any *right* of recovery, it was upon the ground of the rescission of the contract for fraud or false representation. Such right is a material averment, and a petition without such an averment is fatally defective and no judgment can be rendered upon it. *State to use, etc., v. Matson*, 38 Mo. 489; *Jones v. Fuller, Ibid*, 363; *Link v. Vaughan*, 17 Mo. 585.

II. The instructions are squarely *conflicting*. In-

structions should be *consistent*, or it is error. *Wood v. Steamboat*, 19 Mo. 529 ; *Henschen v. O'Bannon*, 56 Mo. 289.

III.   No one can take advantage of his own moral turpitude or base a right of rescission upon it.   *Coppell v. Hall*, 7 Wall. (U. S.) 558 ; *Thomas v. Brady*, 10 Pa. St. 170 ; *Mitchell v. Smith*, 1 Binn. 118 ; *Hall v. Corcoran*, 107 Mass. 253.

B. R. RICHARDSON and DRAFFEN & WILLIAMS, for the respondent.

I.   It does not affirmatively appear from the bill of exceptions in this cause, that the motion for new trial was filed within four days after verdict, and no error, not appearing upon the record proper, can be considered by this court.   *State to use, etc., v. Savings Bank*, 6 Mo. App. 582 ; *Haarstick v. Shields*, 8 Mo. App. 601 ; *State ex rel. Estes v. Gaither*, 77 Mo. 304 ; *Bollinger v. Carner*, 79 Mo. 318 ; *Opel v. City of Jefferson*, 67 Mo. 394 ; *Moran v. January*, 52 Mo. 523.

II.   There is no error upon the record proper.

III.   Where a party has been induced to make a sale, or trade, through the fraud of the other party, he may, upon discovering the fraud, rescind the sale and recover his property in an action of replevin.   *Cahn v. Reid*, 18 Mo. App. 115 ; Wells on Replevin, sect. 318 ; The plaintiff, before bringing this suit, notified defendant that he had rescinded the trade, which he had been induced to make by defendant's fraud, and offered to return to defendant the mare and money received by plaintiff, and demanded the possession of his horse.

IV.   The instructions given at appellant's instance are drawn upon the same theory of those complained of ; in such case there will be no reversal for such cause. *Loomis v. Railroad*, 17 Mo. App. 340 ; *Bettes v. Magoon*, 85 Mo. 580.   Upon the real issue in the case the verdict was for the right party.   Section 3775, Rev. Stat.; *Gaty v. Sack*, 19 Mo. App. 470 ; *Julian v. Calkins*, 85 Mo. 202.

ELLISON, J.—This is an action of replevin in which the plaintiff prevailed and defendant appeals. There was a motion for new trial, but the date of its filing no where appears. All that appears in the bill of exceptions is the following:

"The case then went to the jury, who afterwards brought in their verdict in favor of plaintiff. Thereupon the defendant filed his motion for a new trial in words and figures, as follows, to-wit (here follows motion), which said motion the court overruled, and to the opinion of the court in overruling same the defendant at the time objected and excepted."

It has been held that while the filing of a motion for new trial is entered on the clerk's minutes yet it is not a part of the record proper, but such filing and the date thereof, must be shown by the bill. *State ex rel. Estes v. Garther*, 77 Mo. 304. It has also been determined that the bill of exceptions must show such filing to have been within the four days prescribed by the statute. *Lessee v. Carondelet*, 6 Mo. App. 582; *Haarstick v. Shields*, 8 Mo. App. 601; *Bollinger v. Carner*, 79 Mo. 318.

The question, then, in this case is, does the statement following a recital of the rendering of the verdict that, "thereupon" the defendant filed a motion for new trial, without other reference as to time or date, cover the requirement of the law. "Thereupon" in the connection here used, may mean immediately, and it may mean by reason of, or in consequence of. That is, by reason of the rendition of the verdict or in consequence of it, the defendant at *some time* afterwards filed his motion. The use of the word "thereupon" without more, does not then make it appear affirmatively that the motion was filed within the time limited by statute. We cannot, therefore, take notice of the bill of exceptions in this case, and, discovering no error in the record proper, we affirm the judgment. All concur.

*Motion for Rehearing.*

The motion for rehearing in this cause is based on three grounds, neither of which we consider tenable.

I.   Notwithstanding the record outside the bill of exceptions may show the filing of motion for new trial it must yet appear in the *bill* that it was filed within four days. *State ex rel. Estes v. Gaither, supra.* So "in the absence of a bill of exceptions, it *cannot* appear that a motion for new trial was filed in time." *Haarstick v. Shields, supra.*

II.   The authorities cited in the original opinion, when taken together, show that it must be made to appear by the bill, that the motion was filed within four days. The word "thereupon" does not so show it. As defined by the lexicographers it may mean it was within four days or it may mean no fixed period. There is no necessity for experiments in matters of this sort. The date of the filing should have been given or the statement should have been made that it was within the four days allowed by law.

III.   It is next asserted that, though there was no motion for new trial, we must nevertheless consider the exceptions set forth in the bill; it being said that the opinion in this cause is in conflict with *Fin v. Rogers,* 15 Mo. 315; *Wagner v. Jacoby,* 26 Mo. 530; *Prince v. Cole,* 28 Mo. 486; and *Gray v. Heslop,* 33 Mo. 243. It has been repeatedly held by the supreme court that unless there be a motion for new trial incorporated in the bill of exceptions no errors outside the record proper will be noticed. *Robinson v. Hood,* 67 Mo. 660, and cases cited.

The motion for rehearing, with the concurrence of the other judges, is overruled.