STATE TO USE OF ADOLPH BAER *et al.*, Respondent, v. ISAAC M. MASON *et al.*, Appellants.

St. Louis Court of Appeals, May 22, 1888.

PRACTICE, APPELLATE—MOTION FOR NEW TRIAL.—A bill of exceptions which recites merely that "thereupon, after verdict, the defendants filed the following motion for a new trial," does not show that the motion was filed within four days after the trial, and the judgment must, therefore, be affirmed. It is not sufficient that the date of the filing appears in the clerk's minutes. It must appear in the bill of exceptions.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Affirmed.*

NATHAN FRANK and KRUM & JONAS, for the appellants: In *Duff v. Neilson*, 90 Mo. 93, the court say: "It sufficiently appears from the dates in the transcript

that the motion for new trial was filed within the statutory period, and this is all that is required." The transcript in this case shows that on November 1, 1887, a verdict and judgment was rendered ; that on November 3, 1887, the motion for new trial was filed ; that on November 22, 1887, motion for new trial was overruled ; that on December 2, 1887, by consent of parties, defendants were granted twenty days in which to file bill of exceptions ; the bill of exceptions then sets out the motion for new trial properly with the words that "thereupon, after verdict, motion for new trial was filed in words and figures as follows." This is all shown by the transcript, and it nowhere appears in any of the cases cited by the court that the transcript, or that the record written out separately and apart from the bill of exceptions, indicate the time that the motion for new trial was filed.

David Goldsmith and Dyer, Lee & Ellis, for the respondent: The judgment below must be affirmed, because the record does not disclose that a motion for new trial was filed within the time required by law, in that the bill of exceptions of the appellants does not state that this motion was filed within four days, but, after reciting the verdict of the jury for plaintiffs, merely adds, "and thereupon after verdict," etc. Our position in this respect is conclusively sustained by the following decisions, and the authorities therein referred to : *Demske v. Hunter*, 23 Mo. App. 466 ; *State to use v. Bank*, 6 Mo. App. 582 ; *Haarstick v. Shields*, 8 Mo. App. 601 ; *Bollinger v. Carrier*, 79 Mo. 318 ; *Bevin v. Powell*, 11 Mo. App. 221, 232 ; *Clark v. Clark*, 8 Mo. App. 601.

Peers, J., delivered the opinion of the court.

This is an action upon the official bond of the sheriff of the city of St. Louis. The plaintiffs recovered judgment below and defendants appeal to this court. The plaintiffs urge and insist upon an affirmance for the following reasons :

"6. The judgment below must be affirmed, because the record does not disclose that a motion for new trial was filed within the time required by law, in that the bill of exceptions of the appellants does not state that this motion was filed within four days, but after reciting the verdict of the jury for plaintiffs, merely adds, 'and thereupon after verdict,' etc.

Upon this question the record discloses the following entry as set forth in the bill of exceptions on page 144:

"Thereupon after verdict, the defendants filed the following motion for a new trial." This is all the bill of exceptions shows as to when the motion for new trial was filed.

An unbroken line of decisions could be cited if necessary to show that the bill of exceptions must affirmatively set forth that the motion for new trial was filed within four days, but in view of a very recent decision by the Kansas City Court of Appeals, in a case almost identical with the one before us, we deem it unnecessary to refer to former cases decided by the courts of this state on this question.

In *Demske v. Hunter*, 23 Mo. App. 466, the case referred to, the bill of exceptions recited : "Thereupon the defendant filed his motion for a new trial," etc. The only difference between that bill and the one before us lies in the words "after verdict" being used in this bill after the word "thereupon". In both cases the word "thereupon" is all that is used to indicate the time when the motion is filed. The words "after verdict" have no significance in this connection, as the motion must be filed after verdict always, whether within the time required by statute or not. Motions for new trial are not filed before the verdict is rendered, but following that event in the trial; hence the words in this bill "after verdict" does not signify that it was within the four days required by law. In *Demske v. Hunter*, above referred to, the court, speaking through ELLISON, J., says: "'Thereupon', in the connection

here used, may mean immediately, or it may mean by reason of, or in consequence of. That is, by reason of the rendition of the verdict, or in consequence of it, the defendant at *some time* afterwards filed his motion. The use of the word 'thereupon' without more, does not then make it appear affirmatively that the motion was filed within the time limited by statute. We cannot, therefore, take notice of the bill of exceptions in this case." 23 Mo. App. 469.

On motion for rehearing in the same case, the court adds : "It must be made to appear *by the bill* 'that the motion was filed within four days.' The word 'thereupon' does not so show it. As defined by lexicographers it may mean that it was within four days or it may mean no fixed period. There is no necessity for experiments in matters of this sort. The date of the filing should have been given or the statement should have been made that it was within the four days allowed by law." *Ibid.*

It is not sufficient that the filing of a motion for new trial appears to have been entered on the clerk's minutes, but such filing, and the date thereof, must be shown by the bill. *State ex rel. v. Gaither*, 77 Mo. 304. As the plaintiffs insist upon an affirmance as above set forth, we can take no further notice of the bill of exceptions in this case.

Seeing no error in the record proper, the judgment will be affirmed. Thompson, J., concurs ; Rombauer, P. J. having been of counsel, does not sit in the case.