FRANK MESKER *et al.*, Respondents, v. ORSON J. CUTLER AND EMILY SPIER, Defendants; EMILY SPIER, Appellant.

St. Louis Court of Appeals, November 22, 1892.

1. **Bills of Exceptions:** SUFFICIENCY OF RECITALS AS TO TIME OF FILING OF MOTION FOR NEW TRIAL. The recital of a bill of exceptions, that a motion for new trial set forth in it was filed in due time, is sufficient to show a proper filing of the motion.

2. **Mechanics' Liens:** VARIANCE AS TO TIME OF COMPLETION OF WORK. A variance between the lien account and the evidence, arising from the fact that the evidence shows that the work charged for was completed several days later than appears from the lien account, is not fatal to the validity of the lien, where, according to both, the lien was filed in proper time.

3. **Practice, Appellate:** WEIGHING THE EVIDENCE. Where there is substantial evidence showing that a mechanic's lien has been filed in due time, the fact that the weight of the evidence is to the contrary will not justify the reversal of a judgment sustaining the lien.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*D. T. Jewett*, for appellant.

*Mills & Flitcraft*, for respondents.

(1)   The motion for new trial does not appear by the bill of exceptions to have been filed in time.   *State ex rel. v. Gaither*, 77 Mo. 304; *Dempske v. Hunter*, 23 Mo. App. 466; *State to use v. Mason*, 31 Mo. App. 211. (2)   The lien account was sufficient.   *De Witt v. Smith*, 63 Mo. 263; *Gibson v. Nagel*, 15 Mo. App. 597; *Bruns v. Braun*, 35 Mo. App. 337; *Hayden v. Wulfing*, 19 Mo. App. 353; *McLaughlin v. Schawacker*, 31 Mo. App. 365; *McDermott v. Claas*, 104 Mo. 14; *Peck v. Bridwell*, 10 Mo. App. 524; *Brooks v. Blackwell*, 76 Mo. 309; *Williams v. Porter*, 51 Mo. 441; *Hall v. Johnson*, 57 Mo. 521.   (3) The court will not review the verdict of a jury where the evidence is conflicting.

Rombauer, P. J.—The defendant Spier contracted with the defendant Cutler for work to be done by the latter in repairing the ceilings of a certain store building.   Cutler employed the plaintiffs to furnish corrugated iron for that purpose and put it in place.   He failed to pay the plaintiffs for their work, and they filed a lien account against the buildings, and in the present action seeks to recover a judgment against the contractor, and foreclose their lien against the building. The cause was tried by a jury, who found for the plaintiffs on both issues.   The appellant assigns for error that the verdict is not supported by any evidence and is against the weight of the evidence.

A preliminary question is raised by the plaintiffs' claim, that it does not appear by the bill of exceptions that the motion for new trial was filed within four days after the trial, and that a recital to that effect by the clerk in the transcript of his minutes is not sufficient.

The last proposition finds support in *State ex rel. Estes v. Gaither*, 77 Mo. 304, and *Dempske v. Hunter*, 23 Mo. App. 466, but the first proposition is not supported by the record, as the bill of actions does recite that the motion for new trial was filed in due time, which under the statute was necessarily within four days after trial. All that the case of *Dempske v. Hunter*, *supra*, decides, is that the word *thereupon* does not show a filing within four days.

Proceeding to the examination of the merits of the controversy, the following facts appear: The plaintiffs' lien account states that the work was commenced October 11, 1890, and finished November 19, 1890. The account was filed as a lien March 18, 1891, and within four months of the date of the completion of the work as stated in the account. At the inception of the trial, the defendant Spier admitted that the plaintiffs' demand was just, and that all she claimed was that the plaintiffs did not file their lien within the time that the law required them to do it. The court thereupon in the presence and hearing of counsel, and without any objection on their part, stated that the plaintiffs' case was admitted, with the exception of the one issue whether the lien was filed within the four months required by law. The plaintiffs' evidence tended to show that the work was completed several days subsequent to the day stated in the account. The appellant claims that this evidence was a fatal variance, and established that the account was not a just and true account as required by statute. Conceding for the sake of argument that the appellant is not precluded from raising this point by her admissions upon the trial, and by her failure to object to the lien papers when offered in evidence, and failure to move their exclusion thereafter, yet we must conclude that the point is

without merit.   We have decided in *Hayden v. Wulfing*, 19 Mo. App. 353, and the supreme court has decided in *McDermott v. Claas*, 104 Mo. 14, that an account, which states that the work was done between certain dates, is a sufficient compliance with the requirements of the statute, provided it appears that the last date was within the statutory period of limitation.   What the supreme court said in *Coe v. Ritter*, 86 Mo. 286, must be confined to the points in judgment there.   The contest there was one of priority between the lienor and incumbrancer, and the lienor claimed that the dates given in his account were not conclusive, but that he was entitled to show that he did the work at an earlier date than stated in the lien account, for the purpose of postponing the lien of the deed of trust to the lien claimed by him.   It is self-evident that, where third parties are to be affected, the lienor cannot extend by evidence the dates in his account either way.   Nor can he extend it either way against the owner, where such extensions would give him an advantage beyond his lien account.   The lien account is not amendable, and the lien must stand or fall by what is contained therein.   But we are not aware of any decision holding that a variance in dates between the account and evidence as to any item in the account is fatal, where such variance affects no substantial rights.

There was substantial evidence by several witnesses for plaintiff tending to show that the work was completed within four months of filing the lien account. This evidence was opposed by the testimony of a larger number of witnesses on part of defendants, who apparently had better aids to their memory, having made contemporaneous memoranda, and whose testimony was uniformly to the effect that the work was fully completed on November 6, 1890, more than four months

prior to the filing of the account. Looking at the evidence as it presents itself in the record, we have no hesitation in saying that the verdict is opposed to the weight of the evidence. But we cannot vacate verdicts on that ground, as our functions and those of the trial court in that respect are different. The motion for a new trial does not charge that the verdict was the result of bias, prejudice or misconduct on the part of the jury; hence, that question is not strictly before us; yet, even if it were, the case is not one which would justify our vacating the verdict on that ground.

All the judges concurring, the judgment is affirmed.