HENRY BRUNS, Respondent, v. ELLEN CAPSTICK Appellant.

St. Louis Court of Appeals, April 9, 1895.

1. **Practice, Appellate**: FAILURE OF BILL OF EXCEPTION TO SHOW TIME OF FILING OF MOTION FOR NEW TRIAL. In order to entitle an appellant to the review of matter of exception, his bill of exceptions must affirmatively show that his motion for new trial was filed within four days after the trial, exclusive of an intervening Sunday, if there be one.

2. ———: ———. If the bill of exceptions is ambiguous in this respect, the ambiguity will be solved against the appellant. Accordingly, the recital in the bill of exceptions that the appellant "then" filed his motion for new trial, without any further designation of the time, will not suffice.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*J E. & J. F. Merryman* and *William Moore* for appellant.

*H. A. Loevy* for respondent.

BOND, J.—Plaintiff seeks to charge the sole and separate estate of defendant, a *femme covert*, with $1,225, agreed to be paid in a building contract entered into by defendant with plaintiff and his copartner, who

is alleged to have assigned the same to plaintiff. The answer is a general denial, a plea of former adjudication, and an averment that defendant, being a married woman, did not, by the contract sued upon, charge her property described in plaintiff's petition. Plaintiff's reply denied the plea of *res adjudicata* contained in defendant's answer. There was a trial and decree sustaining the petition, and subjecting the property therein described to the demand sued on, from which defendant appealed to this court.

Plaintiff insists that no matters of exception are brought up by this appeal on the ground that the bill of exceptions. does not show affirmatively that the motion for a new trial was filed within the statutory period. On this point the bill of exceptions shows only the following entry: "Defendant then filed motion for new trial as follows."

It is the settled law of this state that the bill of exceptions must show affirmatively that the motion for new trial was filed within four days, excluding intervening Sundays, after the trial, in order to entitle appellant to a review of any matters of exception arising during the progress of the trial. *Maloney v. Railroad*, 122 Mo. *loc. cit.* 114.

It has been held by this court that the following recital in a bill of exceptions is not a compliance with the foregoing rule, to wit: "Thereupon after verdict the defendant filed the following motion for a new trial." In so holding, a similar ruling made by the Kansas City Court of Appeals was adopted. *Demske v. Hunter*, 23 Mo. App. 466. The following language of that decision was quoted with approval: " 'Thereupon,' in the connection here used, may mean immediately, or it may mean by reason of, or in consequence of; that is, by reason of the rendition of the verdict, or in consequence of it, the defendant at *some time*

afterward filed his motion. The use of the word 'thereupon' without more, does not, then, make it appear affirmatively that the motion was filed within the time limited by statute. We can not, therefore, take notice of the bill of exceptions in this case." *State to use v. Mason*, 31 Mo. App. 213, 214. The principle thus announced is that a word of two meanings, one of which necessarily shows a compliance with the statute, and the other does not, can not, when used in connection with the statement in a bill of exceptions of the filing of a {motion for new trial, be deemed an *affirmative showing* that the motion was filed within the time limited by statute. All that could be claimed for the significance of the term "then," used in the bill of exceptions in this case, is that it may mean, "1, at that time; 2, afterwards, or soon afterwards." See Worcester's Dictionary. But it appears, from the cases *supra*, that "thereupon" was adjudged insufficient, because it might mean that the motion was filed "immediately" or "some time" afterwards. It is evident that the word "then," having the double meaning given by the lexicographers, is subject to the same objection, *i. e.*, does not show that the motion was filed "at that time," and therefore within the statutory limit, or "afterward," and, hence, not necessarily within the four days allotted for such motions. This was a fatal omission in the bill of exceptions in this cause. Of course, this defect could not be helped by the entries of the clerk on his minutes. 31 Mo. App., *supra*.

We are thus restricted to an examination on this appeal of the record proper, as to which the only assignment of error relates to the power of a married woman to charge her separate estate by the written contract sued upon. That a married woman, owning separate estate, may charge the same by her general

contract, is well settled. As there is nothing before us showing that the contract sued on was intended as a charge on a specific part of the separate estate of defendant, there is no reason why it may not properly have been decreed as a charge on the separate estate mentioned in the petition.

Finding no error in the record proper, the judgment herein will be affirmed. All concur.