SAXTON NATIONAL BANK v. BENNETT, *Appellant.*

Division Two, April 3, 1897.

1. **Appellate Jurisdiction**: CONSTITUTIONAL QUESTION. A constitutional question is "involved" so that the Supreme Court has jurisdiction, though it be first raised in the trial court in an amended motion for a new trial.

2. **Practice**: MOTION FOR NEW TRIAL: AMENDMENTS: STATUTE. Section 2243, Revised Statutes 1889, requiring a motion for a new trial to be filed within four days after verdict, is mandatory, and after expiration of the four days an amendment thereto can not be filed.

3. **Cities of Second Class**: ORDINANCES: GRADING STREETS: STATUTES. Act of March 28, 1885 (Laws of Mo. 1885, p. 59), relating to grading streets of cities of the second class, does not apply to the grading of a street where the grade had been previously established by the city.

4. ——: ——: ——: EMINENT DOMAIN. An ordinance passed by a city of the second class, in compliance with a petition signed by the requisite number of property holders, which provides for so grading a street that it will conform with the grade previously established by the city, is not an ordinance passed in the exercise of eminent domain, but one enacted under the taxing powers of the city.

*Appeal from Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

AFFIRMED.

*Pike & Morton* for appellant.

(1) This appeal was taken to this court before the decision in *Bank v. Carswell*, 126 Mo. 436. The constitutional question raised in the record gives this court exclusive jurisdiction of the whole case. *State ex rel. v. Francis*, 95 Mo. 44. (2) The ordinance relied on to sustain the bills is void. The authority delegated to the city is found in sections 4644 (par. 111),

4781, 4782, 4783, Revised Statutes 1879, limited by the act of 1885 (Sess. Acts, p. 59). The act of 1885 forbids the exercise of the power except upon the conditions therein prescribed. Dill. Mun. Corp., sec. 680. (3) All engaged in the work of grading were wrongdoers. *City v. Meyers*, 2 Ind. App. 532; *Keehn v. Mc-Gillicuddy*, 44 N. E. Rep. 554; *City v. Wortman*, 107 Ind. 404. (4) The city and contractors were all trespassers upon defendant's property and rights, and the law will not compel him to compensate them for the time and labor they expended in committing the wrong upon him. (5) There is no estoppel. *Verdin v. St. Louis*, 131 Mo. 98.

*Joshua A. Graham* and *Benj. J. Woodson* for respondent.

(1) There is no constitutional question in this case. *City of Springfield v. Baker*, 56 Mo. App. 637. (2) Revised Statutes 1889, section 2243, requiring a motion for a new trial to be filed within four days after the verdict is mandatory and it can not be filed thereafter. *City of St. Joseph v. Robison*, 125 Mo. 1; *Maloney v. Railroad*, 122 Mo. 106. And the motion can not be cured by filing a supplementary or amended motion after the four days. *State v. Brooks*, 92 Mo. 542; *State ex rel. v. Walls*, 113 Mo. 42–46; *State v. Dusenberry*, 112 Mo. 277, 295. (3) The precise point made by appellants in this case, was made both at the hearing and on the motion for a rehearing in the case of *Gibson v. Owens*, 115 Mo. 258. See, also, *Keith v. Bingham*, 100 Mo. 300; *Hickman v. City of Kansas*, 120 Mo. 110–117. (4) Under the pleadings and evidence in this case, the defendant is estopped to deny the validity of the tax bills. *Gibson v. Owens*, 115 Mo. 258. See dissenting opinion of Judge SHER-

wood in case of *Verdin v. City of St. Louis,* 131 Mo. 145; *Sheehan v. Owen,* 82 Mo. 464; *Collins v. Camden,* 27 N. J. Eq. 294; 2 Dill. on Mun. Corp. [4 Ed.], sec. 924; *Ross v. Stackhouse,* 16 N. E. Rep. 501; *State v. Morristown,* 34 N. J. Law, 445; *State v. Patterson,* 40 N. J. Law, 244; *Wright v. Tacoma,* 19 Pac. Rep. 42; *Ritchie v. Topeka,* 38 Kan. 386; *Peoples v. Utica,* 65 Barb. 1.　2 Herman on Estoppel, sec. 1221–1362.

Gantt, P. J.—This action was instituted in the circuit court of Buchanan county on two special tax bills, one for $61.50 and the other for $8.57, regularly issued and duly assigned to plaintiff.

The defense was that the ordinances and all the proceedings thereunder were in direct violation of every one of the provisions of the charter of the city of St. Joseph, and the laws governing it, appertaining to the grading and regrading of streets, and requiring the ascertainment and payment of all damages that might be done by any proposed grading or regrading of any street in said city.

The reply pleaded an estoppel. A jury waived and the cause tried to the court.

Plaintiff introduced the city collector who testified to the genuineness of his official signature to said bills. On cross-examination he stated that the grading, for which these bills were issued, caused material and substantial changes in the existing surface of Levee street. The president of the plaintiff bank also testified that the signature of Mr. Glynn, the contractor, to the assignment of the tax bills was genuine. The evidence also showed defendant was the owner of the lots described in the tax bills. Plaintiff here rested.

Defendant then offered in evidence special ordinance No. 756 of the city of St. Joseph, entitled, "An ordinance to provide for the grading of Levee street

from a point eighty feet north of Rosine street to the city limits;" approved October 12, 1889, to wit:

"Section 1.   That it is found and declared by the common council, that the property holders owning a majority in front feet of the property owned by residents of this city and fronting on Levee street between a point eighty feet north of Rosine street and the city limits, in the city of St. Joseph, have petitioned said common council to have Levee street between the points named, graded the full width thereof, including the sidewalks thereon, so to conform to the established grade according to the specifications therefor on file in the office of the city engineer, and that the petition for such grading has been duly published according to law.

"Section 2.   That said Levee street, between a point eighty feet north of Rosine street and the city limits, be graded in accordance with said petition and specifications on file in the office of the city engineer, and that the total cost of such grading be and the same is hereby charged, assessed and levied as a special tax on and against the lands that may be charged with the cost thereof according to law. '

"Section 3.   That the said grading of said Levee street between the points named in the preceding sections be paid for in special tax bills, made out and certified by the city engineer, against the several lots or parcels of land charged as required by law and the passage of this ordinance, and the doing of said work shall not render the city liable in any event to pay for such work, or any, otherwise than by the issue of special tax bills.

"Section 4.   The city engineer is hereby ordered to advertise for ten days for proposals for doing the work ordered in this ordinance."

VOL. 138 mo—32

And for the purpose only of showing the charac-
ter of work done on this street, defendant read in evi-
dence the judgment role of Buchanan circuit court in
the case of defendant against the city of St. Joseph for
damages sustained by him as owner of the lot described
in the tax bill by reason of the grading of the street
under the contract in controversy; the amount of dam-
ages for which judgment was entered being $350.

This is all the evidence in the case.

The court on motion of the plaintiff declared the
law as follows: "If the court, sitting as a jury in this
case, believe from the evidence that the witness, M. J.
McCabe, was the city engineer of St. Joseph, Missouri,
and that he had charge of the work mentioned in evi-
dence, and that he signed the bill offered in evidence
and that said bills were assigned in writing by contract
to the plaintiff, then said bills are *prima facie* evidence
of the validity of the doing of the work and the fur-
nishing of the material charged for, and of the liability
of the property to the charge stated in the bills, and
its finding will be for the plaintiff on each count of
the petition for the amount therein charged and fifteen
per cent per annum from the date thereof." To which
declaration of law so made by the court, defendant at
the time duly excepted.

The court gave no other declarations of law for
either party, but refused to give for the defendant
declarations of law which were asked in the following
words:

"The court sitting as a jury declares the law to be
as follows on motion of the defendant: *'First*, the
court under the pleadings and evidence in the case
must find for the defendant; *second*, if the court finds
from the evidence in this case that the grading of Levee
street on account of which the tax bills in suit were
issued, was done in pursuance of the ordinance read in

evidence, and pleaded in the petition and answer, and said grade caused material and substantial changes in the existing surface of said street, the court must find for the defendant.' "

Defendant duly excepted to the refusal of his instructions.

The court thereupon found the issues for the plaintiff and rendered judgment accordingly. Within four days thereafter and on May 6, 1893, defendant filed his motion for a new trial on the following grounds: "*First*, because the finding is against the evidence and the weight of the evidence; *second*, because the finding is without any evidence to support it; *third*, because the finding is against the law; *fourth*, because the finding is against the law and the evidence; *fifth*, because the court erred in refusing to give the declarations of law asked by defendant; *sixth*, because the court refused to sustain the demurrer to the evidence; *seventh*, because the court erred in giving the declaration of law asked by the plaintiff."

On May 24, before the motion was heard, defendant amended his said motion by adding thereto the following ground:

"That the statute, to wit: sections 4782 and 4783 of the Revised Statutes of Missouri, of 1879, are void because they violate the provisions of section 30, of article 2 of the Constitution of Missouri, and section 1, of article 4 of the Constitution of the United States, in this, that said sections of the statute do not give the owners of the property against which the cost of grading streets of cities of the second class, exclusive of sidewalks is charged, a hearing of the valuation to be placed upon said property in the mode prescribed by said statute, and in this said section of the statute deprives the owners of said property of their property without the process of law." Said motion was over-

ruled by the court to which action of the court in overruling said motion the defendant duly excepted.

1.　It is objected by respondent that there is no constitutional question involved in this record. "The jurisdictional question must be determined from the record as it was when the appeal was taken." "The word 'involving' as used by the Constitution, in fixing the appellate jurisdiction of this court, implies that a constitutional question was raised in and submitted to the trial court, and that such court had the opportunity to pass upon it." *Bennett v. Railroad*, 105 Mo. 642.

Inasmuch as the circuit court had the question of the constitutionality of sections 4782 and 4783 of Revised Statutes 1879, presented in the amended motion for a new trial and passed upon and overruled that motion, we think it must be held that a constitutional question is involved in this record and this court has jurisdiction.

2.　It appears further that while the constitutionality of sections 4782 and 4783, Revised Statutes 1879, was raised in the circuit court, it was only suggested in the amendment to the motion for new trial, made eighteen days after the time had expired for filing a motion for new trial.

In *Maloney v. Railroad*, 122 Mo. 106, and in *City of St. Joseph v. Robison*, 125 Mo. 1, this court held that section 2243, Revised Statutes 1889, requiring a motion for a new trial to be filed within four days after a verdict was mandatory and that such a motion filed after that time would not be considered in this court, following *Allen v. Brown*, 5 Mo. 323; *Welsh v. St. Louis*, 73 Mo. 71; *Moran v. January*, 47 Mo. 166. In like manner it was ruled in *State ex rel. v. Walls*, 113 Mo. 42, and *State v. Dusenberry*, 112 Mo. 277, and *State v. Brooks*, 92 Mo. 542, that a motion for new trial could

not be cured by filing *a supplementary or amended motion* after the expiration of the four days.   It is obvious then that the defendant having wholly failed to raise the constitutionality of the sections in question anywhere in the record until he added the new and amended ground to his motion *eighteen days after the expiration of the time for filing his motion* it was entirely competent for the circuit court to deny the motion on the ground that the question of constitutionality was raised too late to avail defendant.    When it is purely discretionary with the trial court whether it will consider such a question and it overrules the motion it must be presumed that it overruled that part of the motion because this court had held it was not allowable after the expiration of the four days, and being a matter of discretion it affords no ground for a reversal of the judgment.    While the constitutional question was "involved" it came too late to avail defendant and was properly disposed of by the circuit court.    *McCarty v. O'Bryan*, 137 Mo. 584.

3.   As to the remaining proposition that because the city did not first fix a taxing district and assess the damages to abutting owners before passing special ordinance number 756, it ignored the act of March 28, 1885 (Laws of Missouri, 1885, p. 59), it is only necessary to say that said act was not designed to apply to the grading of a street the grade of which was already established as the ordinance in this case clearly shows in the first section.

4.   This was not an ordinance passed in the exercise of eminent domain, but was enacted under the taxing power of the city, as was fully and satisfactorily discussed in *Gibson v. Owens*, 115 Mo. 258, and *Keith v. Bingham*, 100 Mo. 300, to which we adhere.   The judgment is affirmed.   BURGESS and SHERWOOD, JJ., concur.