In re Estate of PRESLEY POUND, v. ARMSTRONG CASSITY, Executor, Appellant.

Kansas City Court of Appeals, January 6, 1902.

1. **Trial Practice: MOTION FOR NEW TRIAL: FILING: WHERE SHOWN.** One line of Missouri cases hold that the filing of a motion for a new trial should appear from the recitals of the bill of exception, another from the record entries.

2. **Trial and Appellate Practice: PRESUMPTION: MOTION FOR NEW TRIAL: FILING.** An appellate court presumes in favor of the ruling of the trial court, but it can indulge no presumption in regard to the timely filing of motions; and the filing of the motion for a new trial must affirmatively appear to be within the statutory time.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,* Judge.

AFFIRMED.

*E. R. Stephens* for appellant.

Submitted brief on merits.

*A. W. Mullins* and *Harry K. West* for respondent.

Submitted brief on merits.

SMITH, P. J.—Armstrong Cassity, executor of the estate of Presley Pound, deceased, made an annual settlement of said estate with the probate court. An appeal was prosecuted from the order of that court approving the settlement to the circuit court where there was a judgment modifying said proposed settlement and approving the same as modified, and from which orders and judgment the executor appealed here.

The statute is imperative that the motion for a new trial shall be made within four days after the trial. R. S. 1899, sec. 803. It does not appear either from the abstract of the record proper or from the bill of exceptions when the motion in the present case was filed. There is a class of cases which hold that this should appear from the recitals in the bill of exceptions (State v. Gaither, 77 Mo. 304; Damske v. Hunter, 23 Mo. App. 466; State v. Mason, 31 Mo. App. 211; Mesker v. Cutler, 51 Mo. App. 341; Burns v. Capstick, 62 Mo. App. 57), and others which hold that it should appear from the record entries (Crossland v. Admire, 149 Mo. 650; Lawson v. Mills, 150 Mo. 428; Western Storage v. Glasner, 150 Mo. 426; Holt v. Simmons, 14 Mo. App. 450).

And if not filed in time the only thing the circuit court could do was to deny it. And if it was done under such circumstances, there was no error in such denial notwithstanding error was committed during the progress of the trial. For aught that appears to the contrary, the motion may have been denied not upon the merits but because the requirements of the statute had not been complied with. While every presumption is made in favor of the correctness of the ruling of the trial court, no presumption is indulged that parties timely filed their motions. It must affirmatively appear that the

motion for a new trial was filed within the statutory time. Welsh v. St. Louis, 73 Mo. 71; St. Louis v. Boyce, 130 Mo. 572; Cator v. Collins, 2 Mo. App. 225.

Consequently no matters of exception can be reviewed in the case, and inasmuch as there seem to be no errors in the record proper, the judgment must be affirmed.   All concur.