## W. C. WRIGHT, Appellant, v. W. H. FETTERS et al., Respondents.

### Kansas City Court of Appeals, November 19, 1906.

1. **TRIAL PRACTICE: Motion in Arrest: When Filed: New Questions Raised.** The statute requires all motions for new trial and in arrest of judgment to be filed within four days after the trial, if the term so long continue, and if not, then before the end of the term; hence a motion in arrest filed at a subsequent term is out of time and can serve no purpose whatever and a constitutional question injected by such motion into the case for the first time cannot be considered, nor can any other question thus first brought to the court's attention.

2. **PRACTICE, APPELLATE: Bills and Notes: Collateral Security: Payment in Property.** Where at the trial on a note the defense was payment and the contest in evidence was whether the payee owed an account which the person holding the note as collateral security had accepted in payment on the note, and that issue alone was submitted to the jury by the plaintiff's instructions and the verdict was against him, he cannot on appeal raise the question of the right of a collateral holder to accept anything in payment besides money.

Appeal from the Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*A. W. Mullins* for appellants.

(1) The Township Organization law of this State, enacted in 1879 (2 R. S. of 1879, chap. 162, p. 1456), adopted in Sullivan county in 1880, was and is unconstitutional and void. State ex rel. v. Gibson, 94 S. W. 513, J. N. Keithly, before whom' this case was instituted and tried, was elected justice of the peace at the township election in Taylor township in said Sullivan county, held in March, 1905. The Township Organization law, under which he was elected and acted, being

unconstitutional, his office in law did not exist, and his acts and proceedings as a court were and are of no validity and void. Cooley on Constitutional Limitations (5 Ed.), 224 and note 2; Railroad v. Lowder, 138 Mo. 533; Railroad v. Reynolds, 89 Mo. 146; 12 A. and Eng. Ency. Law (1 Ed.), 147. (2) And the justice of the peace having no jurisdiction or authority to render judgment in the case, the defendants' appeal from such judgment conferred no jurisdiction upon the circuit court. Rankin v. Fairley, 29 Mo. App. 587. (3) The plaintiff placed the note in suit in the hands of Coulter as collateral security, and authorized him to receive payment thereon from Fetters, one of the makers and the principal on the note, and plaintiff so notified Fetters, the plaintiff did not authorize Coulter to settle any accounts—if there were any such—existing in favor of Fetters against Wright, or accept the same from Fetters in payment of said note. The scope of Coulter's authority was to receive payment on the note, and nothing more, and all the evidence so shows. Coulter was limited in his acts to the authority conferred upon him by the plaintiff. Fougue v. Burgess, 71 Mo. 389; Harrison v. Railroad, 50 Mo. App. 332; Alt v. Grosclose, 61 Mo. App. 409; Williams v. Edwards, 9 Mo. 447. (4) The court's instruction given to the jury on behalf of the defendants was without evidence to authorize it.

*Wilson & Clapp* and *J. P. Painter* for respondents.

(1) Only those errors complained of in the motion for new trial will be considered by the appellate court, unless those errors appear in the record proper. Hall v. Harris, 145 Mo. 619; State to use v. Fargo, 151 Mo. 280; Anderson v. Staple, 80 Mo. App. 115; Kirby v. Railway, 85 Mo. App. 345. (2) The instructions given for appellant concede and assume that Coulter had authority to settle with respondent. The appellant cannot therefore justly complain that there was no sub-

stantial evidence of such authority. The case must be tried in the appellate court on the same theory as in the trial court. Duffy v. Railroad, 19 Mo. App. 380; Nicholson v. Walker, 25 Mo. App. 368; Connoble v. Clark, 38 Mo. App. 476; Straat v. Hayward, 37 Mo. App. 585; Heman v. Larkin, 108 Mo. App. 392. (3) All motions in arrest of judgment shall be made within four days after the trial, if the term shall so long continue; and if not, then before the end of the term. R. S. 1899, sec. 803. (4) The motion in arrest in this case was not filed until the succeeding term, was therefore properly overruled, and this court will not consider the questions raised by it. Maloney v. Railroad, 122 Mo. 106; St. Joseph v. Robinson, 125 Mo. 1; Bank v. Bennett, 133 Mo. 494; Bank v. Porter, 148 Mo. 176; In re Estate of Pound v. Cassity, 91 Mo. App. 424.

JOHNSON, J.—Action begun in a justice's court on a promissory note. The defense was a plea of payment. That issue was tried before a jury in the circuit court on appeal and defendants had judgment, from which plaintiff prosecutes this appeal.

Defendants executed and delivered to plaintiff the note in suit, which was for $100, and plaintiff delivered it to a Mr. Coulter as collateral security. Defendants introduced evidence tending to show that after the note matured Coulter and defendant W. H. Fetters met for the purpose of having a settlement. At that meeting, Fetters paid the note in full to Coulter who accepted in payment a note, which Fetters held against a Mr. Smith, in the sum of $69 and an account of $39, which Fetters held against the plaintiff Wright for labor performed for him at his request. These items taken at face overpaid the Wright note by a small amount, but Fetters waived reimbursement in the amount of the excess and Coulter, who stated that defendant's note was lost, agreed to deliver it to Fetters should it be found.

He did not perform this agreement, but returned the note to Wright and this suit followed. No evidence was introduced by defendants to show that' Wright authorized Coulter to accept payment of the note in anything but money, but plaintiff did not request the giving of a peremptory instruction, and in the instructions asked by him, all of which were given, the jury was directed to allow the Smith note as a credit and the only issue of fact submitted related to the existence of the account, which Fetters claimed to hold against plaintiff, and the amount actually due thereon. The authority of Coulter to accept such account was not treated as an issue either in the evidence or instructions.

In the motion for a new trial filed by plaintiff, no complaint was made of error in the instructions and the only errors assigned were that the verdict was not supported by the evidence and was against the weight of the evidence. This motion was filed in due time, but was not overruled until the succeeding term of court, which began about three months after the adjournment of the term at which the judgment was rendered. After it was overruled, plaintiff filed a motion in arrest of judgment, in which he sought to raise the question of the constitutionality of the law under which the justice before whom the cause originated assumed to hold his office. The motion was overruled and the action of the court in overruling it is assigned and argued by plaintiff as an error committed against him.

Section 803, Revised Statutes 1899, provides that, "All motions for new trials and in arrest of judgment shall be made within four days after the trial if the term shall so long continue and, if not, then before the end of the term." The motion in arrest clearly was filed out of time and therefore could serve no purpose. [Maloney. v. Railway, 122 Mo. 106; Bank v. Bennett, 138 Mo. 494; Pound v. Cassity, 91 Mo. App. 424.]

The constitutional question thus attempted to be

injected is not in the case.  [Bank v. Bennett, supra.] Nor can we consider the contention of plaintiff that the judgment should be reversed because of the absence of proof showing authority in Coulter from plaintiff to accept payment of the note otherwise than in money.

Plaintiff's instructions expressly concede that he accepted a part of the fruits of the settlement made by Coulter—the Smith note—and in effect contain an admission that Coulter had authority to accept other classes of property than money in payment of the note. The court committed no error in permitting plaintiff to make such admission and he is in no position to complain of a verdict rendered against him on ground of his own choice.  He cannot change front in the appellate court, but is bound by the theory on which the issues were submitted to the jury at his request.

The judgment is affirmed.  All concur.